IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIZ MURATALLA-LUA, | No. C 07-5088 WHA (PR) |
| Plaintiff, | **DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| Correctional Officer LABANS and Correctional Officer FREEMEN, | |
| Defendants. | |

Plaintiff, an inmate of Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff also requests leave to proceed in forma pauperis.

### DISCUSSION

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

///

1  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
2  claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
3  statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds
4  upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).
5  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a
6  plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than
7  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
8  do. . . . Factual allegations must be enough to raise a right to relief above the speculative
9  level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A
10 complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*
11 at 1986-87.

12 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
13 (1) that a right secured by the Constitution or laws of the United States was violated, and (2)
14 that the violation was committed by a person acting under the color of state law. *West v. Atkins*,
15 487 U.S. 42, 48 (1988).

16 **B.    LEGAL CLAIMS**

17 Plaintiff contends that defendant Laban made him walk a mile in leg restraints to the
18 SHU law library, pushed his head into the wall on the way to the library, and pushed and
19 shoved him on the way back. He also alleges that she told him to go back to Mexico and called
20 him a "wetback."

21 To the extent plaintiff bases his claim against Laban on her insults to him, he has failed
22 to state a claim. Allegations of verbal harassment and abuse do not state a claim cognizable
23 under 42 U.S.C. § 1983. *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997); *Burton v.
24 Livingston*, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a
25 federally protected right"). Because such claims are never actionable, the harassment claim will
26 be dismissed without leave to amend.

27 Plaintiff does not mention the other defendant, Freemen, in his "Statement of Claim."
28 For that reason the complaint will be dismissed with leave to amend.

2

Because the complaint must be dismissed with leave to amend, and because the amendment will completely replace the present complaint, the Court will not now review plaintiff's contention that Laban violated his Eighth Amendment rights by pushing his head into the wall and making him walk a mile in leg restraints. If plaintiff amends, that claim will then be considered as presented in the amendment; if he does not, the claim as presently pleaded will be reviewed.

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Petitioner also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 14, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\MURATALLA-LUA5088.DWL.wpd