EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
MICHAEL W. JORGENSON
Supervising Deputy Attorney General
EMILY L. BRINKMAN, State Bar No. 219400
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5742
Fax: (415) 703-5843
Email: Emily.Brinkman@doj.ca.gov
Attorneys for Defendants Labans and Freeman

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **LUIS MURATALLA-LUA,**<br>Plaintiff,<br>**v.**<br>**Correctional Officer LABANS and Correctional Officer FREEMEN,**<br>Defendants. | C 07-5088 WHA (PR)<br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br>No hearing required (Jan. 17, 2008 Order of Service) |

TO PLAINTIFF LUIS MURATALLA-LUA, IN PRO PER:

PLEASE TAKE NOTICE that Defendants Labans and Freeman (Defendants) move this Court to dismiss this 42 U.S.C. § 1983 action for failure to exhaust administrative remedies under the non-enumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure, as mandated by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

PLEASE TAKE FURTHER NOTICE that the Court may look beyond the pleadings and decide disputed issues of fact in ruling on Defendants' non-enumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). Plaintiff may provide evidence to the Court to dispute that which is presented by Defendants. *Id.* at n. 14.

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, supporting declarations, all pleadings, exhibits, and papers on file in this action, and any other matters properly before the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Plaintiff Luis Muratalla-Lua (Plaintiff) alleged that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment by Defendants Labans and Freeman (Defendants).

Plaintiff failed to exhaust his administrative remedies as required by the PLRA, 42 U.S.C. § 1997e(a). As such, this Court should dismiss the Amended Complaint.

**STATEMENT OF THE CASE**

On October 3, 2007, Plaintiff, a California state prisoner, filed a Complaint pro se under 42 U.S.C. § 1983 against two prison officials at Pelican Bay State Prison (Pelican Bay), in Crescent City, California. (Court Docket No. 1.) Plaintiff alleged that Defendant Labans subjected him to cruel and unusual punishment during an escort to the law library sometime in April 2007. (Compl. at 3.) As required by 42 U.S.C. § 1997e(1), the Court screened the Complaint and determined that any claims based upon verbal harassment and abuse did not state a claim for relief. (Order of Service of Nov. 15, 2007 at 2:21-26.) The Court further stated that because the Plaintiff failed to name Defendant Freeman in the Complaint, that it was dismissed with leave to amend. (*Id.* at 2:27-28.) The Court also stated that it would not review Plaintiff's allegations related to possible Eighth Amendment violations by Defendant Labans. (*Id.* at 3:1-6.)

Plaintiff filed an Amended Complaint on December 14, 2007. (Court Docket No. 7.) In the Amended Complaint, Plaintiff alleged that in addition to the Eighth Amendment violations, brought forth in the original Complaint, that he suffered additional constitutional violations. (Amend. Compl. at 6-7.) Plaintiff alleged that Defendants Labans and Freeman violated his right to be treated equally because he is male, Hispanic, and suffers from mental disabilities. (Am. Compl. at 8, 9-10.) Plaintiff also claimed that Defendants violated his first amendment right to access the court. (Amend. Compl. at 9.) The Court then screened the Amended Complaint under

42 U.S.C. § 1997e(1) and determined that Plaintiff stated a cognizable claim that "Freeman participated in the abuse of him [Plaintiff] by Labans which has already been found to be sufficient as to Labans." (Order of Service of January 17, 2008 at 1:21-23.) The Court then ordered service on both Defendant Labans and Freeman. (*Id.* at 1:25-28.)

**ISSUE STATEMENT**

The PLRA requires an inmate to properly exhaust administrative remedies before filing civil-rights suits concerning prison conditions. Plaintiff's inmate appeals were not exhausted because some appeals were not exhausted at the final level of review and because other appeals were exhausted after the action was filed. Should this Court dismiss this complaint because Plaintiff failed to properly exhaust administrative remedies before filing this action?

**STATEMENT OF FACTS**

1. Plaintiff brought this action against two corrections officers employed by the California Department of Corrections and Rehabilitation (CDCR) at Pelican Bay, alleging that Defendant Labans and Freeman violated his right to be free from cruel and unusual punishment sometime in April 2007 during an escort to and from the law library. (Compl. at 3.)

2. On April 19, 2007, Defendant Labans escorted Plaintiff from his cell in the Psychiatric Services Unit (PSU) to the law library. (Decl. Barlow at ¶ 4, Ex. A.) Upon arrival at the law library, Defendants Labans and Freeman requested Plaintiff to kneel on the floor so they could remove the leg irons and place Plaintiff in the holding cell. (*Id.*) Plaintiff became agitated and did not want to kneel on the floor, but rather wanted to kneel on a stool inside the holding cell. (*Id.*) Plaintiff eventually complied and Defendants were able to remove the leg irons. (*Id.*) Upon being placed in the cell, Plaintiff began to call Defendant Labans derogatory names. (*Id.*) At this point, Plaintiff's law library visit was terminated and he was then escorted back to his cell. (*Id.*)[1/]

3. On the return trip to his housing unit in the PSU, Plaintiff continued to yank on his leg

1. Plaintiff does not allege in his complaint which specific actions were done by which particular Defendant; therefore, it is impossible to determine, based upon the facts presented in the Compliant, which Defendant is responsible for which alleged constitutional violations.

chains and took large and deliberate steps to force the leg irons to become taught. (Decl. Barlow ¶ 4, Ex. A.) When Defendants placed Plaintiff back in his cell it was noted that his ankles were skinned and bleeding. (*Id.*) Defendant Labans asked Plaintiff if he wished to receive medical treatment for the injury to his ankles. (*Id.*) Plaintiff replied "no, fuck you, I am going to get a law suit on you." (*Id.*)

4. Plaintiff was charged with a rules violation, log number P07-04-0023, for being "disrespectful with the potential for violence" for the actions displayed towards Defendant Labans on April 19, 2007. (Decl. Barlow ¶ 4, Ex. A.) Plaintiff was found guilty of the rules violation report, log number P07-04-0023, on June 6, 2007. (*Id.*)

5. On April 23, 2007, Plaintiff submitted an inmate grievance, PBSP-P-07-01057, complaining about mistreatment by Defendants Labans and Freeman. (Decl. Wilber ¶ 5, Ex. B.) The informal and first level of review were bypassed due to the nature of the inmate grievance. (*Id.*) Plaintiff's grievance was denied at the second level of review on June 8, 2007. (*Id.*) The Inmate Appeals Branch accepted Plaintiff's inmate grievance, PBSP-P-07-01057, for review at the Director's Level of Review on July 11, 2007. (Decl. Grannis ¶¶ 6-7, Ex. A, B.) The review at the Director's Level was completed on October 4, 2007. (Decl. Grannis ¶ 7, Ex. B.)

6. Plaintiff submitted inmate grievance, PBSP-P-07-01362 on June 10, 2007, complaining that Correctional Officer Seamons filed a false 128 chrono and was conspiring against Plaintiff with Defendant Labans. (Decl. Wilber ¶ 6, Ex. C.) The grievance was denied at the first level of review on July 12, 2007 and again denied at the second level of review on September 11, 2007. (*Id.*) The Inmate Appeals Branch accepted Plaintiff's inmate grievance PBSP-P-07-01362 for review on October 3, 2007 and completed the review on December 24, 2007. (Decl. Grannis ¶ 6 & 8, Ex. A, C.)

7. Plaintiff next submitted inmate grievance, PBSP-P-07-01432, on June 25, 2007 complaining about the guilty disciplinary finding of the rules violation report, log number P07-04-0023, on June 6, 2007. (Decl. Wilber ¶ 7, Ex. D.) The grievance was denied at the second level of review on August 13, 2007. (*Id.*) Plaintiff submitted this grievance to the Director's Level of Review; however, it was screened out on December 5, 2007 because Plaintiff did not

include all the required documentation. (Decl. Grannis ¶ 9, Ex. A.) Plaintiff did not resubmit this grievance with the correct documentation. (*Id.*)

8. Plaintiff filed his original Complaint in this Court on October 3, 2007. (Court Docket No. 1.)

## ARGUMENT

### PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES THEREFORE THIS COURT MUST DISMISS THIS ACTION.

#### A. The Exhaustion Requirement Under the Prison Litigation Reform Act is Mandatory.

The Ninth Circuit held that an inmate's failure to exhaust nonjudicial remedies as required by the PLRA is subject to an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The court may look beyond the pleadings and decide disputed issues of fact in deciding a motion to dismiss for a failure to exhaust available administrative remedies under § 1997e(a). *Id.* at 1119-20. If the court determines that the inmate has not exhausted his available administrative remedies within the state prison system, the proper remedy is dismissal without prejudice. *Id.* at 1120.

The PLRA states that "no action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal Law, by a [confined prisoner] until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Congress provided in § 1997e(a) that an inmate must exhaust administrative avenues before bringing suit. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Vaden v. Summerhill*, 449 F.3d 1047 (9th Cir. 2006). Administrative exhaustion is required for all actions brought with respect to prison circumstances or occurrences, whether under § 1983 or any other federal law. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

The mandatory exhaustion requirement of § 1997e(a) is especially pertinent in light of the Congressional objectives behind PLRA. "Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally *before* allowing the initiation of a federal case." *Porter*, 534 U.S. at 524-25 (emphasis added).

The Ninth Circuit held that the PLRA requires that an inmate exhaust administrative remedies before submitting *any* papers to a federal court. *Vaden*, 449 F.3d at 1050-51. "The complaint is brought," as determined by the Ninth Circuit, "by the prisoner when he submits it to the court" and the focus of attention is on what the prisoner-plaintiff does. *Vaden*, 449 F.3d at 1050. "Congress may have selected the word 'brought,' rather than 'filed' or 'commenced' to underscore its objective in enacting the PLRA." *Id.* "Brought" means "got under way" or some similar phrase to ensure that the litigation process does not start until the administrative process has ended. *Id.* Accordingly, the Ninth Circuit has held that administrative exhaustion *subsequent* to filing suit does not satisfy mandatory exhaustion requirement under § 1997e(a). *McKinney v. Carey*, 311 F.3d 1198, 1199- 1200 (9th Cir. 2002).

Moreover, the Supreme Court held that "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006).

The State of California provides its inmates with the right to an administrative appeals process which addresses "any departmental decision, action, condition or policy which they can demonstrate as having an adverse affect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must complete four levels of appeals: (1) informal level, (2) first formal level (3) second formal level appeal to the institution head or designee, and (4) third level appeal to the Director's level. *Id.* A Director's level appeal decision constitutes exhaustion of the administrative remedies available. Cal. Code Regs. tit. 15, §§ 3084.5, 3084.1(a).

**B. Plaintiff Failed to Properly Exhaust His Claims.**

Plaintiff submitted three inmate grievances related to the alleged constitutional violations by Defendants Labans and Freeman: PBSP-P07-01057, PBSP-P-07-01432, and PBSP-P-07-01362. (Stmnt. Facts ¶¶ 5-7.) The inmate grievance process requires that an inmate submit a grievance for informal review and then proceed up the chain of command to the first and second formal levels of review before submitting a grievance to the Director's Level of Review. Once an

inmate has completed this last step at the Director's Level of Review, the inmate is deemed to have exhausted his or her administrative remedies.

Plaintiff submitted inmate grievances PBSP-P-07-01057 and PBSP-P-07-01362 to all the required review levels; however, the final level of reviews were not complete until October 4, 2007 and December 24, 2007, respectively. (Stmnt. Facts ¶¶ 5 & 6.) Plaintiff filed his Complaint in this Court on October 3, 2007. (Stmnt. Facts ¶ 8.)

In the case of grievance number PBSP-P-07-01057, one day may not seem sufficient to dismiss a case; however, courts have been specific that the Plaintiff must have completed the final administrative step before filing the Complaint in the United States District Court on October 3, 2007. To allow Plaintiff to file his Complaint, even one day before final action was taken on his administrative remedies renders the exhaustion requirement meaningless.

Additionally, the filing of Plaintiff's Amended Complaint on December 14, 2007 does not satisfy the exhaustion requirement because exhaustion must occur before *any* papers are filed. *Vaden*, 449 F.3d at 1050-51. Plaintiff clearly did not comply with the exhaustion requirements because neither grievance number, PBSP-P-07-01057 nor PBSP-P-07-01362, were exhausted until after October 3, 2007, the date Plaintiff filed his original Complaint.

Finally, Plaintiff submitted inmate grievance PBSP-P-07-07-01432 to the required second formal level review; however, Plaintiff did not submit the required documentation to the Inmate Appeals Branch. (Stmnt. Facts ¶ 7.) This grievance was screened out due to the missing documentation and Plaintiff did not re-submit this grievance to the Inmate Appeals Branch for a Director's Level Decision. (*Id.*)

An inmate grievance may be rejected by the Inmate Appeals Branch at the Director's Level of review if the inmate did not include all the required documentation or it is incomplete. Cal. Code Regs. tit. 15, § 3084.3(c)(5); Decl. Grannis ¶ 5. When the Inmate Appeals Branch screens out or rejects a grievance, the grievance is returned to the inmate with explicit instructions on how to correct any errors in order to resubmit the grievance. *Id.* at 3084.3(d); Decl. Grannis ¶ 5. A screened out grievance does not qualify as an exhausted appeal. (Decl. Grannis ¶ 5.) Because Plaintiff failed to comply with the requirements of the California Code of Regulations when

submitting inmate grievance PBSP-P-07-01432 for the final level of review and then failed to resubmit that grievance, he has failed to exhaust the administrative remedies in relation to this grievance. *Woodford*, 126 S.Ct. at 2386; Cal. Code Regs. tit. 15, § 3084.3(c).

Therefore, this Court must dismiss Plaintiff's Amended Complaint for his failure to exhaust his administrative remedies.

**CONCLUSION**

This Court should dismiss this action in its entirety under Federal Rules of Civil Procedure 12(b) for Plaintiff's failure to exhaust administrative remedies as required by the PLRA.

Dated: March 21, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

MICHAEL W. JORGENSON
Supervising Deputy Attorney General

EMILY L. BRINKMAN
Deputy Attorney General
Attorneys for Defendants Labans and Freeman

**DECLARATION OF SERVICE BY U.S. MAIL**

Case Name: **Muratella-Lua v. Laban, et al.**

Case No.: **C 07-5088 WHA**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On March 21, 2008, I served the attached

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

**DECLARATION OF N. GRANNIS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**
(W/ EXHIBITS)

**DECLARATION OF CHRIS E. WILBER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**
(W/ EXHIBITS)

**DECLARATION OF WILLIAM BARLOW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**
(W/ EXHIBITS)

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Luis Muratalla-Lua
J-06678
Pelican Bay State Prison
P. O. Box 7500
Crescent City, CA 95532-7500
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **March 21, 2008**, at San Francisco, California.

| M. Xiang | |
|---|---|
| Declarant | Signature |