# EXHIBIT B

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: OCT 0 4 2007

In re: Muratalla-Lua, J-06678
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0701370          Local Log No.: PBSP 07-01057

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner P. Enriquez, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I  APPELLANT'S ARGUMENT: It is the appellant's position that on April 19, 2007, Correctional Officer (CO) Labans and Freeman escorted him to the Security Housing Unit library. He contends that he was pushed against the wall by CO Labans to place him in restraints and he asked her not to push him. He claims when they got to the library she again pushed him and he again asked her why she was pushing him. He states he was kneeling to have the ankle restraints removed when the CO, without reason, told him he was going back to his cell. He claims that as he was being escorted he was pushed with force by his arm. He states the restraints on his ankles scraped his ankles and he could no walk. He informed CO Labans and she told him to shut up and learn English then the CO states "La la la la" acting unprofessionally. When the restraints were removed from his ankles he saw he was "wounded" with much blood on his socks and on his tennis shoes. He showed the wound to the officer and requested medical treatment. He claims he was denied medical care by the CO. He showed CO George and Freeman the wound and blood and informed them they were witnesses and were required to tell the truth. He feels he was a victim of discrimination because he does not speak English and he is Mexican whose rights were violated. He requests justice for the discrimination injuries caused by CO Laban and CO Freeman.

At the Director's Level of Review he states his life is in danger in that he does not know if he is infected with Human Immunodeficiency Virus or Hepatitis "C" Virus because restraints are never cleaned after they are used on inmates. He then requests to be paid for his wounds, corporal and mental and that CO Lavann (sic) be removed from the Psychiatric Segregation Unit. This was not a part of the original appeal nor was it presented to the institution for response. The new issues and requested actions are not addressed in this response as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action.

II  SECOND LEVEL'S DECISION: The reviewer affirms that appropriate supervisory staff have been assigned to conduct an inquiry into this matter. The assigned inquiry staff member reviewed the submitted material and interviewed the involved parties. The appellant was advised that he would only be informed of the completion of the inquiry in that all personnel issues were considered confidential and would not be released to the public, staff or inmates. The appeal was granted in part by the Second Level of Review (SLR) in that an appeal inquiry was conducted into the appellant's allegations.

III  DIRECTOR'S LEVEL DECISION: Appeal is denied.

   A. FINDINGS: Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff and an inquiry has been completed at the SLR.

MURATALLA-LUA, J-06670
CASE NO. 0701370
PAGE 2

In the event that staff misconduct was substantiated, the institution would take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. However, upon completion of final review, or culmination of an inquiry, the appellant is to be notified by the respective inquiry body that an inquiry has been completed. In this case, the institution has reported the completion of the inquiry to the appellant.

B. BASIS FOR THE DECISION:
California Penal Code Section: 832.7, 832.8
California Code of Regulations, Title 15, Section: 3005, 3268, 3268.1, 3268.2, 3391

C. ORDER: No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, PBSP
      Appeals Coordinator, PBSP