# EXHIBIT C

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: DEC 2 4 2007

In re: Luiz Muratalla-lua, J06678
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0710028            Local Log No.: PBSP-07-01362

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner A. A. Read. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position that on June 5, 2007, the appellant received a CDC Form 128-B, General Chrono, dated May 24, 2007, written by Pelican Bay State Prison (PBSP) Correctional Officer (CO) D. Seamons, regarding an incident that occurred two months ago on April 19, 2007. The appellant states that it is perfectly clear that CO Seamons and CO M. Labans got together and are lying, "a reprisal against the appellant." It is contended that this action is affecting the appellant emotionally, mentally, psychologically and it is damaging the appellant's mind with all of the false accusations. The appellant states that the CDC Form 128-B is no good because it has been two months since the incident happened and why wasn't anything said in the first month? The appellant requests that a polygraph test is given to CO Seamons so that everyone will know that he is lying. It is also requested that the CDC Form 128-B is removed from the appellant's central file and that CO Seamons is reprimanded for filing a false report pursuant to California Penal Code Section (PC) 118.1 and PC 129.

II   SECOND LEVEL'S DECISION: The reviewer found that the appellant's concerns have been properly addressed by involved and/or assigned PBSP staff. The Second Level of Review (SLR) states that the appellant was interviewed on July 12, 2007, by Correctional Sergeant G. Gordon regarding the appellant's appeal issues. The reviewer states that the appellant's appeal was denied at the First Level of Review (FLR), but a thorough confidential appeal inquiry into the appellant's allegations was conducted by administrative staff. The appellant was advised that the appeal inquiry was completed; however, the appellant was not advised of the specific finding, as all staff complaint findings are confidential and would not be released to the appellant. On August 12, 2007, the appellant requested a SLR and reiterated his position that the CDC Form 128-B is still not any good, two months later. The appellant did not provide any additional compelling information or facts to warrant modification of the FLR response. The appellant's appeal was denied at the SLR, as an inquiry into his allegations has been conducted. All staff personnel matters are confidential in nature and as such, results of any inquiry will not be shared with staff, members of the public or inmates. Although, the appellant has the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. Based upon the aforementioned information, the SLR denied the appeal.

III   DIRECTOR'S LEVEL DECISION: Appeal is denied.

   A.   FINDINGS: The documentation and presented arguments are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or facts to warrant a modification of the SLR. The examiner reviewed California Code of Regulations, Title 15, Section (CCR) 3004, Rights and Respect of Others, CCR 3271, Responsibility of Employees, CCR 3278, Control of Inmates and Parolees, and CCR 3391, Employee Conduct. Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff and an inquiry has been completed at the SLR. The examiner contacted Correctional Counselor II C. Wilbur, Appeals Coordinator, in the PBSP Appeals Office on November 14, 2007, to request and obtain a copy of the finalized inquiry report. On November 16, 2007, the examiner received a faxed copy of the inquiry report containing the institution's decision and/or action taken regarding the appellant's complaint. In the

LUIZ MURATALLA-LUA, J06678
CASE NO. 0710028
PAGE 2

event that staff misconduct was substantiated, the institution would take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process. The appellant has not shown any documentation or other verified evidence that would lend credence to his appeal issues and requests. The appellant has been duly informed regarding his appeal issues and responding institutional staff has addressed all pertinent areas of the appellant's complaint. The examiner finds that the appellant has failed to present any new documentation and/or evidence that would substantiate his claim; therefore, justification for intervention at the Director's Level of Review is not warranted.

**B. BASIS FOR THE DECISION:**
PC: 832.5, 832.7, 832.8, 5058
CCR: 3001, 3004, 3084.1, 3270, 3271, 3278, 3391
CDC Operations Manual Section: 13030.10, 31140.14
Administrative Bulletin (AB) 98/10: PROCESSING OF INMATE/PAROLEE APPEALS, CDC FORMS 602, WHICH ALLEGE STAFF MISCONDUCT
AB 05/03: PROCESSING OF ADULT INMATE/PAROLEE APPEALS, CDC FORM 602, WHICH ALLEGE STAFF MISCONDUCT

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, PBSP
      Appeals Coordinator, PBSP