# EXHIBIT B

STATE OF CALIFORNIA                                                                                      DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region: PBSP    Log No. P07-01057    Category: 7/5 C/O LABANS C/O FREEMAN

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: Muratalla-Luis / Luis Muratalia    NUMBER: J-06678    ASSIGNMENT: PSU    UNIT/ROOM NUMBER: B-2-202 PSU

A. Describe Problem: en el MPS 4-19-2007, APROXIMADAMENTE 8:30 AM. C/O LABANS y C/O FREEMAN DE B-2-PSU me escoltaron ala libreria. y desde que C/O LABANS me esposo me apucho contra la pared. Le dije que por favor no me apuchara. y cuando yegamos ala libreria, me volvio apuchar. Le volvi a decir que porque me apuchava? si yo estava incado de rodillas, para que me quitara las esposas de mis tovillos. C/O sin razon aiguna me dijo que me iva a devolver, asia mi selda. y cuano me trainan en escolta C/O LABANS C/O FREEMAN. me agarraron ADDITIONAL CHeet

If you need more space, attach one additional sheet.

B. Action Requested: _____

Inmate/Parolee Signature: Muratalla Luis    Date Submitted: 4-23-2007

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: BYPASS

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.    CDC Appeal Number: _____

APR 30 2007    MAY 01 2007    MAY 08 2007
TRANSLATE TO CDW    2nd APPEALS
(TO SILVIA)

First Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____
Interviewed by: _____

~~BYPASS~~

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved: _____ Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

~~BYPASS~~

Signature: _____ Date Submitted: _____

Second Level   ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other _____
G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 5-8-07   Due Date: 6-20-07
☒ See Attached Letter
Signature: T. Them CCII _____ Date Completed: 6-5-07
Warden/Superintendent Signature: _____ Date Returned to Inmate: 6-12-07

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

eN PRIMER LUGAR, MI VIDA ESTA eN PELIGRO, PORQUE NOSE SI FUI "INFECTADO" CON
IGUNA VACTERIA COMO "EL SIDA", O "EPATITES", ETS, ETS. PORLA RAZON QUE ESAS ESPOSA
s de LOS TOVILLOS TIENEN SANGRE de OTRAS PERSONAS, Y LAS ESPOSAS "NUNCA LAS LAVAN". Y
MI VIDA ESTA eN PELIGRO PORLA NEGLEGENCIA, DE C/O M. LAVANS. C/O. FREEMAN. Y PIDO QUE
Me PAGEN POR MIS eridas, CORPORAles Y MENTALES. eN SEGUNDO QUIERO QUE CORRAN de PSU A C/
O VANN. PORQUE NO SAVE TRATAR CON RESPETO, PROFECIONALISMO ALOS eNFERMOS MENTALES COMO YO. THANK YOU

Signature: _____ Date Submitted: 6-13-2007

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other _____   OCT 0 4 2007
☒ See Attached Letter
Date: _____
CDC 602 (12/87)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

C-FILE

# DIRECTOR'S LEVEL APPEAL DECISION

Date: OCT 0 4 2007

In re: Muratalla-Lua, J-06678
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0701370        Local Log No.: PBSP 07-01057

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner P. Enriquez, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   **APPELLANT'S ARGUMENT:** It is the appellant's position that on April 19, 2007, Correctional Officer (CO) Labans and Freeman escorted him to the Security Housing Unit library. He contends that he was pushed against the wall by CO Labans to place him in restraints and he asked her not to push him. He claims when they got to the library she again pushed him and he again asked her why she was pushing him. He states he was kneeling to have the ankle restraints removed when the CO, without reason, told him he was going back to his cell. He claims that as he was being escorted he was pushed with force by his arm. He states the restraints on his ankles scraped his ankles and he could no walk. He informed CO Labans and she told him to shut up and learn English then the CO states "La la la la" acting unprofessionally. When the restraints were removed from his ankles he saw he was "wounded" with much blood on his socks and on his tennis shoes. He showed the wound to the officer and requested medical treatment. He claims he was denied medical care by the CO. He showed CO George and Freeman the wound and blood and informed them they were witnesses and were required to tell the truth. He feels he was a victim of discrimination because he does not speak English and he is Mexican whose rights were violated. He requests justice for the discrimination injuries caused by CO Laban and CO Freeman.

At the Director's Level of Review he states his life is in danger in that he does not know if he is infected with Human Immunodeficiency Virus or Hepatitis "C" Virus because restraints are never cleaned after they are used on inmates. He then requests to be paid for his wounds, corporal and mental and that CO Lavann (sic) be removed from the Psychiatric Segregation Unit. This was not a part of the original appeal nor was it presented to the institution for response. The new issues and requested actions are not addressed in this response as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action.

II  **SECOND LEVEL'S DECISION:** The reviewer affirms that appropriate supervisory staff have been assigned to conduct an inquiry into this matter. The assigned inquiry staff member reviewed the submitted material and interviewed the involved parties. The appellant was advised that he would only be informed of the completion of the inquiry in that all personnel issues were considered confidential and would not be released to the public, staff or inmates. The appeal was granted in part by the Second Level of Review (SLR) in that an appeal inquiry was conducted into the appellant's allegations.

III **DIRECTOR'S LEVEL DECISION:** Appeal is denied.

   A. **FINDINGS:** Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff and an inquiry has been completed at the SLR.

MURATALLA-LUA, J-06670
CASE NO. 0701370
PAGE 2

In the event that staff misconduct was substantiated, the institution would take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. However, upon completion of final review, or culmination of an inquiry, the appellant is to be notified by the respective inquiry body that an inquiry has been completed. In this case, the institution has reported the completion of the inquiry to the appellant.

B. BASIS FOR THE DECISION:
California Penal Code Section: 832.7, 832.8
California Code of Regulations, Title 15, Section: 3005, 3268, 3268.1, 3268.2, 3391

C. ORDER: No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, PBSP
      Appeals Coordinator, PBSP

STATE OF CALIFORNIA                                                                 DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region **PBSP**  Log No. **P07-01057**  Category **7/5**

1. _____   1. _____   C/O LABANS
2. _____   2. _____   C/O FREEMAN

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: Luis Muratalla     NUMBER: J-06678     ASSIGNMENT: PSU     UNIT/ROOM NUMBER: B-2-202 PSU

A. Describe Problem: en el Mes 4-19-2007, aproximadamente 8:30 AM. C/O LABANS y C/O FREEMAN, Me escoltaron ala libreria. y desde que C/O LABANS, me esposo me apucho contra la pared. Le dije que porfavor no me apuchara. y cuando yegamos ala libreria, me volvio apuchar, le volvi a decir que porque me apuchava? si yo estava incado de rodillas, para que me quitara las esposas de mis tovillos. C/O sin razon alguna me dijo que me iva a devolver, asia mi selda. y cuando me traivan en escolta, C/O LABANS. C/O FREEMAN. Me agarraron  *Additional sheet*

If you need more space, attach one additional sheet.

B. Action Requested: _____

Inmate/Parolee Signature: _____   Date Submitted: 4-23-2007

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

**BYPASS**

Staff Signature: _____   Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

Signature: _____   Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim     CDC Appeal Number:

APR 30 2007   MAY 01 2007   MAY 08 2007
TRANSLATE TO CDW   2ND APPEALS
TO C11 W A

First Level: ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days) Date assigned: _____ Due Date: _____

Interviewed by: _____

~~BYPASS~~

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved: _____ Returned: _____
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

~~BYPASS~~

Signature: _____ Date Submitted: _____

Second Level: ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days) Date assigned: 5-8-07   Due Date: 6-20-07

☒ See Attached Letter

Signature: _____ Date Completed: 6-5-07
Warden/Superintendent Signature: _____ Date Returned to Inmate: 6-12-07

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other
☐ See Attached Letter
Date: _____

CDC 602 (12/87)

fuertemente de mis brasos, y me fueron apuchando con fuersas, sin rason alguna, y les dije que porfavor <u>NO</u> me apucharan porque las esposas de mis tovillos me estavan "IRIENDO" de lo apretadas y <u>no</u> podia caminar <u>de PRISA</u> y no me isieron caso, y me apucharon con mas fuersas y coraje. C/O LABANS. me dijo que me iba a dar un 115 co, y le dije que en en el 115, pusiera porfabor que les estava diciendo que no me apuchara porque las esposas de mis tovillos me estavan "IRIENDO". y C/O LABANS. me dijo que me <u>CALLARA</u> si no savia avlar "INGLES" y envadio lo que con travajo le estava explicando. Lo envadio con un ruido de "LA LA LA LA", y pude ver que no es profecional en su travajo ni responsavle en su travajo. No me isieron caso y me apucharon desde la LIBreria "CHU", asta mi selda. y al quitarme las esposas de mis tovillos, pude mirar que estava "ERIDO" y con mucha sangre en mis calsetines y tamvien en mis "TENIS", y les enseñe mi "ERIDA" y la sangre y les dije que no tenian "NINGUN DERECHO" en venir de afuera y descriminar, a un preso como lo isieron conmigo. Les pidi atencion medica y me la negaron, me "IGNORARON". En ese mismo instante un C/O George que travaja aqui en B-2-PSU. estava en la siguiente puerta, lo yame y le enseñe la "ERIDA" de mis tovillos, y le enseñe la sangre de mis calsetines y de mis TENIS y le dije que lo iva a poner como TESTIGO para provar que lo que estoy diciendo es toda y la pura "verdad". y tamvien pongo de testigos a C/O LABANS. y, a C/O FREEMAN, y a C/O George. Porque como C/O tienen la "responsavilidad" de decir la verdad. Porque de una cosa estoy seguro que <u>no</u> asen su travajo con profecionalismo. Por eso. pido que se remuevan de sus travajos a C/O LABANS. y, a C/O FREEMAN, y que se me page por todo lo que me isieron. Porque me siento deprimido y totalmente descriminado por ser mexicano, sin saver "NADA" el ingles. y C/o se vurlo de mi porque soy mexicano y no saver ingles. Por eso pido que remuevan a C/O LABANS. a C/O FREEMAN y que se me page por esas eridas, y me negaron la

Atencion medica, y me violaron mis derechos de a que me atendiera un doctor. Lo cual a esos derechos que me biolaron me los negaron mis derechos, lo cual fueron quevrados mis derechos, por ser Mexicano y n saver avlar ingles, por eso fui descriminado, fue una discriminacion racial. Y pido justicia en contra de estos c/o de esta correcsion. Ablo de c/o Labans y del c/o Freeman. Thank you grasias

Sinsedamente

*[signature: Luis Muralalla]*

P.S. Tengo evidencias para mostrar:

*[signature: Luis Muralalla]*

look nek pg.

APPEAL STAFF TRANSLATION

Inmate Name: MURATALLA, Luis                    CDC No.: J-06678

A.   Describe Problem:   On 4/19/07 at approximately 8:30 am, Officer Labans and Officer Freeman escorted me to the library. When Officer Labans cuff me up, she push me against the wall. I told her, please do not to push me and when we arrived at the library she pushed me again. I asked her, why are you pushing me? I was on my knees, so the officer could remove the cuffs from my ankles. The officer without any reason told me they were going to take me back to my cell.

As I was being escorted back to my cell, Officer Labans and Officer Freeman grabbed me hard by the arm and pushed me for no reason. I told them please do not to push me, because the cuffs on my ankles were hurting me and I was not able to walk fast. The Officers did not listen to me and kept on pushing me. Officer Labans told me I was going to receive a CDCR 115. I told her that in the 115, please write that I was telling you not to push me because the cuffs were hurting my ankles. Officer Labans told me that if I did not know how to speak English, to be quiet. She made fun of me when it was difficult for me to explain things in the first place. She made fun by saying, "La, La, La, La."

I could see they were not being professional at their jobs. They did not listen to me, they kept pushing me from the SHU library to my cell. I asked them to remove the cuffs from my ankles. I could see there was a lot of blood on my socks and my tennis shoes. I showed them the blood, I told them they have no right coming in from the outside and discriminate against a prisoner. I asked for medical attention, they denied it and ignored me.

At that same instance, Officer George that works in B2-PSU, was in the cell next door. I showed him my ankles and the blood on my socks and tennis shoes. I told him I was going to put him down as a witness to prove that I am telling the truth. I am also using Officer Labans, Officer Freeman and Officer George as witnesses, because as Officers they have a responsibility to speak the truth. One thing I am sure of is that they did not do their jobs as professionals. This is why I ask that they be removed from their jobs (Officer Labans and Officer Freeman). I ask to be paid for everything they did to me. I feel depressed and totally discriminated against because I am a Mexican that does not speak English. The officers made fun of me because I am Mexican and do not speak English. This is why I ask that Officer Labans and Officer Freeman pay for the scares on my ankles. They also violated my rights when I asked for medical attention.

This is racial discrimination and I ask for justice. I am speaking about Officer Labans and Officer Freeman. I have evidence to prove this.

Thanks.

B.   Action Requested:

Inmate/Parolee: Luis Muratalla                                         Date: 4/23/2007

Signature of Translator: _____

46860

# HEALTH CARE SERVICES REQUEST FORM (PBSP 7_2)

**PART I: TO BE COMPLETED BY THE PATIENT**

If you believe this to be an urgent/emergent health care need, contact the correctional officer on duty

REQUEST FOR:  MEDICAL ☐   PSYCHIATRY ☐   MENTAL HEALTH ☐   DENTAL ☐   PHARMACY ☐

NAME: _____  CDC #: _____  HOUSING: _____

PHARMACY REFILL # _____  *Pharmacy, place labels on back of form*

THE REASON YOU WANT HEALTH CARE. (DESCRIBE YOUR HEALTH PROBLEM AND HOW LONG YOU HAVE HAD THE PROBLEM) _____

[handwritten notes, illegible]

PATIENT'S SIGNATURE: _____  DATE: _____

**PART II: TO BE COMPLETED BY THE TRIAGE RN/RDA/MTA**

Date & Time Received: _____  Received by: _____

Reviewed by RN/RDA, Date: _____ Time: _____  Signature: _____  Triage Designation: _____

S:

O:  T:  P:  R:  BP:  WEIGHT:

A:
P:

Signature/Date/Time: _____

APPOINTMENT SCHEDULED AS:   EMERGENCY ☐ (immediately)   URGENT ☐ (within 24 hours)   ROUTINE ☐ (within 14 calendar days)

REFERRED TO PCP: _____  DATE OF APPOINTMENT: _____

Print/Stamp Name _____  Signature/Title _____  Date & Time Completed _____

**COPAYMENT INFORMATION – TO BE FILLED OUT BY DEPARTMENTAL STAFF**

1. ☐ Visit was for an emergency
2. ☐ Visit was for diagnosis or treatment of a communicable disease condition (See Title 17, Chapter 4, Subchapter 1, Section 2500 CCR)
3. ☐ Visit was for mental health services
4. ☐ Visit was a follow-up requested by the clinician.
5. ☐ Visit was for State mandated evaluation or treatment (e.g., Annual TB tests)
6. ☐ Visit was for reception screening and evaluation only
7. ☐ Visit is NOT exempt from co-payment. Send PINK copy to Inmate Trust Office.

DISTRIBUTION:
ORIGINAL-Unit Health Record    YELLOW - Pharmacy    PINK - Inmate Trust    GOLDENROD – Inmate/Patient
PBSP 7362 (Rev. 7/03)

Name: _____  CDC#: _____  Housing: _____  Institution: _____

[Left margin handwritten note in Spanish:] ATENCION MEDICA P.P. NEGARON PORQUE ME ERIDA LA INFECTO ESOS (3) DIAS SEME ES

PELICAN BAY STATE PRISON
STAFF COMPLAINT AND USE OF FORCE
TRACKING WORKSHEET

Inmate Name: MURATALLA           CDC #: J06678
Appeal Log #: P07-01057          Category/Issue: 7/5

Date Received in Appeals Office: 4-30-07

Date Forwarded to Hiring Authority for Determination: 5-3-07

Date Appeal Inquiry Ordered: 5-4-07

Date Received by Appeals Coordinator for Assignment: 5-8-07

Assigned Unit (APPEALS ONLY): 2nd/Appeals

Appeal Due Date: 6/20/07         Date Completed: 6/8/07

Assigned Unit (FACT FINDER ONLY): AW-HCS

Fact Finder Due Date: 5/22/07    Date Completed: 6/4/07

Date Assigned to Internal Affairs: n/a

Comments:
C/O LABANS, C/O FREEMAN: CLAIMS HE WAS "PUSHED" AGAINST WALL AND DURING SUBSEQUENT ESCORT. CLAIMS LEG IRONS CAUSED BLEEDING TO ANKLES AND DENIED MEDICAL ATTENTION

Revised 03/07

Rev. 10/03/06

State of California

# Memorandum

Date : 5/3/07

To : F. Jacquez
Chief Deputy Warden

From : Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : **STAFF COMPLAINT REVIEW**

The attached appeal from inmate __Muratalla__, CDCR# __J06678__, dated __4-23-07__, reflects a complaint against Pelican Bay State Prison staff and, pursuant to a recent directive from the CDCR Central Office, is forwarded for your review and category determination prior to acceptance into the appeal process.

The complaint is regarding IR number __n/a__.

_____
Appeals Coordinator

☐ Appeal was received past 15 day appeal time limit.
  ☐ Reject due to untimeliness with no investigation.
  ☐ Reject due to untimeliness, assign review outside Appeal Process.

☐ Staff Complaint Appeals Process.

☒ Fact-Finding Investigation ordered. The issues contained in the appeal have been reviewed and the case has been referred to __AW HCS__ for a fact-finding investigation. A copy of the completed fact-finding is to be forwarded to the Inmate Appeals Office to be filed with the appeal.

☐ Refer to Internal Affairs for Review/Investigation.

_____      5/4/07
Hiring Authority              Date

*Complete this section only if appeal was returned due to failure to cooperate by Inmate.

Returned to Appeals on _____    Submitted to CDW on _____

On this date I have determined the Inquiry should be:  ☐ Cancelled.   ☐ Completed.

_____      _____
Hiring Authority              Date

Attachment

# PELICAN BAY STATE PRISON
## CHIEF DEPUTY WARDEN
### STAFF COMPLAINT, USE OF FORCE
### FACT-FINDING TRACKING

- [ ] BUSINESS SERVICES-ASSOCIATE WARDEN
- [ ] CENTRAL SERVICES-ASSOCIATE WARDEN
- [ ] GENERAL POPULATION-ASSOCIATE WARDEN
- [x] HEALTH CARE OPERATIONS-ASSOCIATE WARDEN
- [ ] SECURITY HOUSING UNIT-ASSOCIATE WARDEN
- [ ] HEALTH CARE MANAGER

FF 07-0027

### CDW REQUESTED ACTION

- [x] PREPARE FACT-FINDER*
  - [x] COPY TO CHIEF DEPUTY WARDEN
  - [x] ORIGINAL TO APPEALS
  - [x] COPY TO MADRID
  - [x] VIDEOTAPE TO MADRID

*Should begin no later than one week from date assigned

LOG NO: CDWO 07051882

DUE DATE: 5/22/07

INSTRUCTIONS:

### COPY CONFIRMATION

- [ ] COPY TO CDW*
- [ ] ORIGINAL TO APPEALS
- [ ] COPY TO MADRID
- [ ] VIDEOTAPE TO MADRID

*Attach completed Fact-Finding Tracking Form to CDW copy

4/CFR
CHIEF DEPUTY WARDEN

MAY 0 8 2007
DATE

C-FILE

| PELICAN BAY STATE PRISON |
|---|
| SECOND LEVEL REVIEW |

DATE: JUN 0 8 2007

Inmate MURATALLA-LUA, J06678
Pelican Bay State Prison
Facility B, Psychiatric Services Unit
Building 2, Cell 202

RE: WARDEN'S LEVEL DECISION          APPEAL: DENIED
    APPEAL LOG NO. PBSP-P-07-01057    ISSUE: STAFF COMPLAINTS

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP). Correctional Lieutenant R. Rice conducted the investigation and interview of this appeal issue. Correctional Officer S. Ramirez was used as translator.

ISSUES

Inmate Muratalla-Lua requests that Correctional Officers M. Labans and S. Freeman be removed from their jobs.

FINDINGS

I.

The inmate alleges in his appeal that Officer M. Labans pushed him against the wall when she removed him from his cell and again, at the Security Housing Unit (SHU) Law Library. The inmate alleges that during the return escort back from the SHU Law Library, Officers M. Labans and S. Freeman grabbed him hard by the arm and pushed him for no reason, causing the leg irons to cut into his ankles, causing them to bleed. Additionally, the inmate states that he showed Officers M. Labans and S. Freeman the blood. He alleges that his request for medical attention for his injuries was ignored. He also states that he showed the bloody socks, shoes, and the injury to Correctional Officer S. George. The inmate alleges that Officer M. Labans used profane language towards him and that he was racially discriminated against.

DETERMINATION OF ISSUE

All submitted documentation and supporting arguments have been considered. Additionally, a thorough review has been conducted into the claim presented by the inmate and evaluated in accordance with PBSP's institutional procedures and departmental policies.

All staff involved were appropriately noticed and interviewed. All staff personnel matters are confidential in nature. Information concerning such matters is not available in response to inquiries from the general public, inmate population, or other staff members. In the event of staff misconduct, the institutional supervisory and administrative staff would take the appropriate course of actions. However, this would remain confidential information and would not be released.

Supplement Page 2
MURATALLA-LUA, J06678
Appeal # PBSP-P-07-01057

Although the inmate has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeal process. A thorough review of the allegations presented in the complaint was completed. Based on the elements of the Report of Findings, the investigation concluded that the allegations of staff misconduct have been deemed UNFOUNDED. This APPEAL IS DENIED.

MODIFICATION ORDER

No modification of this decision or action taken is required.

ROBERT A. HOREL
Warden

NAT # 20    Date 06/05/07