# EXHIBIT D

CITIZEN COMPLAINT
LIABILITY, PUNITIVE DAMAGES

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region: APPEAL COORDINATOR PBSP
Log No.: 1. P-07-01432
Category: 1/0
PENDING FOR

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: MR. LUIZ MURATALLA
NUMBER: J-06678
ASSIGNMENT:
UNIT/ROOM NUMBER: B-2-232

A. Describe Problem: MR. LUIZ MURATALL-LUA HAVE A RIGHT TO A PROPER TIMELY 115 DISCIPLINARY MR. LUIZ MURATALLA-LUA DISCIPLINA 115 HEARING WAS HELD LATE. MR. LUIZ MURATALLA-LUA SHOULD BE FOUND NOT GUILTY AND THE CHARGES DISMISSED. SEE: CALIFORNIA CODE REGULATION TITLE 15, ARTICLE 5, 3320. HEARING PROCEDURES (SEE ATTA

If you need more space, attach one additional sheet.

B. Action Requested: THAT THIS ISSUE BE INVESTIGATED THAT THE INNOCUE PARTY BE REPRIMANED LIABILITY, PUNITIVE DAMAGES

Inmate/Parolee Signature: MR. LUIZ MURATALLA-LUA
Date Submitted: 6-25-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response:

BYPASS

Staff Signature: _____  Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____  Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

JUN 01 2007   JUN 06 2007
Z1         Z1
              JUN 26 2007
              2nd appeals
              T

First Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

**BYPASS**

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved: Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

**BYPASS**

_____

_____

Signature: _____ Date Submitted: _____

Second Level  ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 6-26-07    Due Date: 8-08-07

☒ See Attached Letter

Signature: _N. Thoem C.C.II_____ Date Completed: 7-31-07

Warden/Superintendent Signature: _____ Date Returned to Inmate: 8/22/07

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

--------------------------------------------------------------------------------

DIRECTOR'S ACTION:  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

CONTINUATION FROM APPEAL GRIEVANCE

AND TIME LIMITATIONS (A) A COPY OF THE CDC FORM 115 AND ALL NON CONFIDENTIAL REPORTS TO BE RELIED UPON IN A DISCIPLINARY HEARING SHALL NORMALLY BE PROVIDED TO THE INMATE WITHIN 24 HOURS AFTER TH CDC FORM 115 HAS BEEN CLASSIFIED SERIOUS OR ADMINISTRATIVE AND WITHIN 30 DAYS OF THE MISCONDUCT. NOT 35 DAYS LATER, MR. LUIZ MURATALLA LUA HEARING DISCIPLINARY HEARING WAS HELD 5 DAY LATE, MR. MURATALLA-LUA SHOULD BE FOUND NOT GUILTY AND THE CHARGES DISMISSED. SEE: CALIFORNIA CODE REGULATION TITLE 15, ARTICLE 5. 3320(A)

(1) HEARING PROCEDURES AND TIME LIMITATIONS.

PROVIDING THE INMATE WITH A COPY OF THE CDC FORM 115 MAY BE DELAYED BEYOND 15 DAYS, BUT NO MORE THAN 30 DAYS. AND SHALL NOT PROHIBIT FORFEITURE,

THE DELAY AFTER 30 DAYS HAVE PREJUDICE MR. LUIZ MURATALLA CIVIL RIGHTS.

THE DELAY AFTER 30 DAYS HAVE PREJUDICE MR. LUIZ MURATALLA RIGHTS AND HAVE VIOLATED PENAL CODES.

(1)

**THIS INMATE IS A MENTAL HEALTH PROGRAM PARTICIPANT AT THE EOP LEVEL OF CARE**
804 TO RECORDS ON 04-20-07

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| T-05672 | MURATALLA-LUA | | PBSP | B02-202L | D07-04-0023 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3004 (b) | Disrespect With Potential for Violence | Lib. Escort | 04-19-07 | 0745 Hours |

**CIRCUMSTANCES**

On 04-19-07 at approximately 0745 during a routine Law Library escort I instructed inmate MURATALLA-LUA to kneel down at the Law Library cell front so I could remove the leg irons. Inmate MURATALLA-LUA became highly agitated stating "Why are you fucking with me?" I informed MURATALLA-LUA that it was procedure for the leg irons to be removed before he was placed in the holding cell. He continued arguing wanting to kneel on the stool inside the cell I again instructed him to kneel on the floor. He knelt on the floor, I removed the leg irons, he stepped into the cell and began calling me a "Fucking bitch." MURATALLA-LUA'S Law Library visit was terminated and he was escorted back to the unit. MURATALLA-LUA remained agitated and angry on the escort back to the unit calling me a "Fucking bitch" several times during the walk back to the unit. As we walked MURATALLA-LUA was yanking on his leg iron by taking large deliberate stride forcing the leg irons taught, attempting to cause small abrasions and bleeding. He was also muttering mostly in Spanish all the way back to the unit. When MURATALLA-LUA was placed back in his cell his ankles were skinned and bleeding.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ M. Labans, Correctional Officer | 4-20-07 | 251712 | F/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|
| ▶ | 4-20-07 | DATE | / | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | F(3) | 4/20/07 | ▶ CCII B. Jacot | ☐ HO ☒ SHO ☐ SC ☐ FC |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |   |   |
|---|---|---|---|---|---|---|
|   | ▶ | 4-20 | 1115 |   |   |   |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
|   | ▶ |   |   | ▶ |   |   |

**HEARING**

REFERRED TO  ☐ CLASSIFICATION   ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE ▶ | DATE | TIME |
|---|---|---|---|

| REVIEWED BY: (SIGNATURE) ▶ | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ | DATE |
|---|---|---|---|

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |
|---|---|---|---|

CDC 115 (7/88)

| STATE OF CALIFORNIA | | | | | DEPARTMENT OF CORRECTIONS |
|---|---|---|---|---|---|
| RULES VIOLATION REPORT - PART C | | | | | PAGE 1 OF 2 |
| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | | TODAY'S DATE |
| J-06678 | MURATALLA-LUA | P07-04-0023 | PBSP | | 5-1-07 |
| ☐ SUPPLEMENTAL | ☐ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☐ HEARING | ☒ IE REPORT | ☐ OTHER |

**\*\* INVESTIGATIVE EMPLOYEE REPORT \*\***
**CDC-115 LOG NUMBER P07-04-0023**

**ON 5-1-07 CORRECTIONAL SERGEANT E.M. OCHOA RDO'S F/S**
**WAS ASSIGNED AS THE INVESTIGATIVE EMPLOYEE.**

On 5-1-07 at approximately 0820 hours, I notified Inmate Muratalla-lua, J-06678 that I was assigned as the IE regarding his CDC-115 dated: 4-19-07 Log# P07-04-0023, and that my function was as a fact finder for the Senior Hearing Officer, to gather pertinent information, question staff, and/or inmates, and submit a written report. Inmate Muratalla-Lua, J-06678 stated that he understood my position as the IE, and had no objections to my serving in that capacity.

**DEFENDANT'S STATEMENT:** " On the day of 4-19-07 they took me out to go to the library by C/O, M. Labans was pushing me against the wall, I asked will you please not push me. C/O Labans asked me if I was going to walk this slow all the way to the SHU? I told please forgive me for walking so slowly but that is the best I can do with these leg-irons on. When we arrived at the library I was pushed again, and I asked again, please don't push me, I did not give you a reason, I am in restraints. C/O Labans told me that I will take you back and scolded me. C/O Labans and C/O Freeman at the library grabbed me hard on my arms and pushed me all the way back. I told C/O Labans and C/O Freeman that the leg-irons were irritating my feet and I could not walk and more stronger they pushed me all the way. C/O Labans told me I was getting a write-up. I asked to write down I asked not to be pushed and they did not listen to me. When I was trying to explain in english they told me "fucking mexican" then they talked to me in spanish, "fucking mexican go to your land, bastard wet back", and that hurt me. When we got to the cell they took off the leg-irons and I showed them the blood on my ankles and I requested medical. And they told me the mexican donkey's don't need medical. I told them that my ankle was infected. I turned in a paper for medical and it cost me money. I request that for an investigation of C/O Labans for the last two (2) years when go by my cell tell me to shut your mouth in order to eat. I request that C/O Labans be investigated because all that comes out of C/O Labans mouth is lies and I request a polygraph on C/O Labans so that you can hear the lies of C/O Labans. I put the same testimony of Laban to see who is lying I put this as testimony so that you can see that all that I have said is the pure truth, and all that Labans wrote in the 115 is pure lies. I also want to know why I did not get medical. I want to know why the attention from medical for the bleeding ankle. I want to know why Labans told me because I am mexican I will not get medical. Why is it that Labans does not look at me in the face. Why does Labans mistreat me because I am mexican. I want to know why when Labans see me eating tells me to shut my mouth while I am eating. I am hurt over this and I want Labans investigated from medical with polygraph and later will discover what a liar. They want to use their strength of cohersion. Please request investigation of Labans with detector of lies. I am innocent and I can prove it with polygraph. C/O Labans, C/O Freeman" Sincerely with respect Luis P.S. The evidence I have is a sock with blood.

**REPORTING EMPLOYEE'S STATEMENT:** SEE ADDITIONAL PAGE.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| E.M. OCHOA, CORRECTIONAL SERGEANT | 5-2-2007 |

| ☑ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | | 5-9-07 | 1100 |

CDC 115-C (5/95)    OSP 99 25082

# STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS
## SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| J-06678 | MURATALLA-LUA | 3004 (b) | 04-19-07 | PBSP | P07-04-0023 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT   ☐ YES   ☒ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution.

☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution.

DATE NOTICE OF OUTCOME RECEIVED: 
DISPOSITION:

☐ I REVOKE my request for postponement.

### STAFF ASSISTANT

STAFF ASSISTANT
- ☒ REQUESTED   ☐ WAIVED BY INMATE
- ☒ ASSIGNED — DATE: 4-27-07 — NAME OF STAFF: T. Mandel
- ☐ NOT ASSIGNED — REASON:

INMATE'S SIGNATURE: [signed Muratalla-Lua]   DATE: 4-27-07

### INVESTIGATIVE EMPLOYEE

INVESTIGATIVE EMPLOYEE
- ☒ REQUESTED   ☐ WAIVED BY INMATE
- ☐ ASSIGNED — DATE: — NAME OF STAFF:
- ☐ NOT ASSIGNED — REASON:

INMATE'S SIGNATURE: MURATALLA LUIS   DATE: 4-27-07

EVIDENCE / INFORMATION REQUESTED BY INMATE:

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS):
☒ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☐ NONE

| WITNESSES (NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| S. George C/O | ☐ | ☐ | | ☐ | ☐ |
| Freeman C/O | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

INVESTIGATOR'S SIGNATURE:   DATE:

☐ COPY OF CDC 115-A GIVEN INMATE   BY: (STAFF'S SIGNATURE)   TIME: /1:15   DATE: 4-27-07

CDC 115-A (7/88)

| STATE OF CALIFORNIA | | | | DEPARTMENT OF CORRECTIONS |
|---|---|---|---|---|
| RULES VIOLATION REPORT - PART C | | | | PAGE 2 OF 2 |
| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
| J-06678 | MURATALLA-LUA | P07-04-0023 | PBSP | 5-1-07 |

☐ SUPPLEMENTAL ☐ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☐ HEARING ☒ IE REPORT ☐ OTHER_____

### CONTINUATION

**REPORTING EMPLOYEE'S STATEMENT:** On 5-1-07 at approximately 1115 hours, I interviewed Correctional Officer M. Labans, the Reporting Employee, made the following statement: I asked him if he wanted to see medical because he was yelling and screaming and waving his bloody sock in the air, he stated, "no fuck you, I am going to get a law suit on you." I explained to him at that time that the abrations on his ankle were caused by him because he was yanking on the leg-irons forcing them tightly around his ankles.

**STAFF WITNESSES:** NONE REQUESTED

END OF REPORT.

SIGNATURE OF WRITER: E.M. OCHOA, CORRECTION SERGEANT   DATE SIGNED: 5-2-07

☑ COPY OF CDC 115-C GIVEN TO INMATE

GIVEN BY: (Staff's Signature) R. Ums   DATE SIGNED: 5-9-07   TIME SIGNED: 1100

CDC 115-C (5/95)    OSP 99 25082

804 TO RECORDS ON: 04-20-07

STATE OF CALIFORNIA · DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

B2-232

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| J-06678 | MURATALLA-LUA | | PBSP | B02-202L | P07-04-0023 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3004 (b) | Disrespect With Potential for Violence | Lib. Escort | 04-19-07 | 0745 Hours |

CIRCUMSTANCES

On 04-19-07 at approximately 0745 during a routine Law Library escort I instructed inmate MURATALLA-LUA to kneel down at the Law Library cell front so I could remove the leg irons. Inmate MURATALLA-LUA became highly agitated stating "Why are you fucking with me?" I informed MURATALLA-LUA that it was procedure for the leg irons to be removed before he was placed in the holding cell. He continued arguing wanting to kneel on the stool inside the cell I again instructed him to kneel on the floor. He knelt on the floor, I removed the leg irons, he stepped into the cell and began calling me a "Fucking bitch." MURATALLA-LUA'S Law Library visit was terminated and he was escorted back to the unit. MURATALLA-LUA remained agitated and angry on the escort back to the unit calling me a "Fucking bitch" several times during the walk back to the unit. As we walked MURATALLA-LUA was yanking on his leg irons by taking large deliberate stride forcing the leg irons taught, attempting to cause small abrasions and bleeding. He was also muttering mostly in Spanish all the way back to the unit. When MURATALLA-LUA was placed back in his cell his ankles were skinned and bleeding.

REPORTING EMPLOYEE (Typed Name and Signature): M. Labans, Correctional Officer
DATE: 4-20-07
ASSIGNMENT: 251712
RDO'S: F/S/H

REVIEWING SUPERVISOR'S SIGNATURE: J. Bricker SGT, CORRECTIONAL SERGEANT
DATE: 4-20-07
☐ INMATE SEGREGATED PENDING HEARING

CLASSIFIED: ☒ SERIOUS ☐ ADMINISTRATIVE
OFFENSE DIVISION: F(3)
DATE: 4/20/07
CLASSIFIED BY: CCI Jacobson
HEARING REFERRED TO: ☐ HO ☒ SHO ☐ SC ☐ FC

COPIES GIVEN INMATE BEFORE HEARING

☒ CDC 115 BY: R. Amis
DATE: 4-20 TIME: 1115
TITLE OF SUPPLEMENT: Mental Health Assessment 115 X

☐ INCIDENT REPORT LOG NUMBER:
BY: R. Amis
DATE: 5-9-07 TIME: 1150

HEARING

128 Dated 05-24-07 By: R. Amis, C/O    Date: 6-5-07    Time: 0900

REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA

ACTION BY: K.P. COOKE, CORRECTIONAL LIEUTENANT
DATE: 6/6/07 TIME: 0905

REVIEWED BY: D. BRADBURY, FACILITY CAPTAIN
DATE: 6/11/07

CHIEF DISCIPLINARY OFFICER'S SIGNATURE: M. SMELOSKY, ASSOCIATE WARDEN
DATE: 6/19/2007

☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING
BY: (STAFF'S SIGNATURE) JM Soto
DATE: 6/26/07 TIME: 1600

CDC 115 (7/88)

STATE OF CALIFORNIA  
**RULES VIOLATION REPORT - PART C**  
DEPARTMENT OF CORRECTIONS  
PAGE 1 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| J-06678 | MURATALLA-LUA | P07-04-0023 | PBSP | 5-1-07 |

☐ SUPPLEMENTAL  ☐ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☒ IE REPORT  ☐ OTHER_____

## ** INVESTIGATIVE EMPLOYEE REPORT **
### CDC-115 LOG NUMBER P07-04-0023

ON 5-1-07 CORRECTIONAL SERGEANT E.M. OCHOA RDO'S F/S
WAS ASSIGNED AS THE INVESTIGATIVE EMPLOYEE.

On 5-1-07 at approximately 0820 hours, I notified Inmate Muratalla-lua, J-06678 that I was assigned as the IE regarding his CDC-115 dated: 4-19-07 Log# P07-04-0023, and that my function was as a fact finder for the Senior Hearing Officer, to gather pertinent information, question staff, and/or inmates, and submit a written report. Inmate Muratalla-Lua, J-06678 stated that he understood my position as the IE, and had no objections to my serving in that capacity.

DEFENDANT'S STATEMENT: " On the day of 4-19-07 they took me out to go to the library by C/O, M. Labans was pushing me against the wall, I asked will you please not push me. C/O Labans asked me if I was going to walk this slow all the way to the SHU? I told please forgive me for walking so slowly but that is the best I can do with these leg-irons on. When we arrived at the library I was pushed again, and I asked again, please don't push me, I did not give you a reason, I am in restraints. C/O Labans told me that I will take you back and scolded me. C/O Labans and C/O Freeman at the library grabbed me hard on my arms and pushed me all the way back. I told C/O Labans and C/O Freeman that the leg-irons were irritating my feet and I could not walk and more stronger they pushed me all the way. C/O Labans told me I was getting a write-up. I asked to write down I asked not to be pushed and they did not listen to me. When I was trying to explain in english they told me "fucking mexican" then they talked to me in spanish, "fucking mexican go to your land, bastard wet back", and that hurt me. When we got to the cell they took off the leg-irons and I showed them the blood on my ankles and I requested medical. And they told me the mexican donkey's don't need medical. I told them that my ankle was infected. I turned in a paper for medical and it cost me money. I request that for an investigation of C/O Labans for the last two (2) years when go by my cell tell me to shut your mouth in order to eat. I request that C/O Labans be investigated because all that comes out of C/O Labans mouth is lies and I request a polygraph on C/O Labans so that you can hear the lies of C/O Labans. I put the same testimony of Laban to see who is lying I put this as testimony so that you can see that all that I have said is the pure truth. and all that Labans wrote in the 115 is pure lies. I also want to know why I did not get medical. I want to know why the attention from medical for the bleeding ankle. I want to know why Labans told me because I am mexican I will not get medical. Why is it that Labans does not look at me in the face. Why does Labans mistreat me because I am mexican. I want to know why when Labans see me eating tells me to shut my mouth while I am eating. I am hurt over this and I want Labans investigated from medical with polygraph and later will discover what a liar. They want to use their strength of cohersion. Please request investigation of Labans with detector of lies. I am innocent and I can prove it with polygraph. C/O Labans, C/O Freeman" Sincerely with respect Luis P.S. The evidence I have is a sock with blood.

REPORTING EMPLOYEE'S STATEMENT: SEE ADDITIONAL PAGE.

SIGNATURE OF WRITER: E.M. OCHOA, CORRECTIONAL SERGEANT  
DATE SIGNED: 5-2-2007

☑ COPY OF CDC 115-C GIVEN TO INMATE

GIVEN BY: (Staff's Signature) K. AMIS  
DATE SIGNED: 5-9-07  
TIME SIGNED: 1100

T. MANDELL

CDC 115-C (5/95)   OSP 99 25082

| STATE OF CALIFORNIA | | | | DEPARTMENT OF CORRECTIONS |
|---|---|---|---|---|
| RULES VIOLATION REPORT - PART C | | | | PAGE 2 OF 2 |
| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
| J-06678 | MURATALLA-LUA | P07-04-0023 | PBSP | 5-1-07 |

☐ SUPPLEMENTAL   ☐ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☐ HEARING   ☒ IE REPORT   ☐ OTHER _____

## CONTINUATION

**REPORTING EMPLOYEE'S STATEMENT:** On 5-1-07 at approximately 1115 hours, I interviewed Correctional Officer M. Labans, the Reporting Employee, made the following statement: I asked him if he wanted to see medical because he was yelling and screaming and waving his blooby sock in the air, he stated, "no fuck you, I am going to get a law suit on you." I explained to him at that time that the abrations on his ankle were caused by him because he was yanking on the leg-irons forcing them tightly around his ankles.

**STAFF WITNESSES:** NONE REQUESTED

END OF REPORT.

SIGNATURE OF WRITER: E.M. OCHOA, CORRECTION SERGEANT    DATE SIGNED: 5-2-2007

☑ COPY OF CDC 115-C GIVEN TO INMATE    GIVEN BY: (Staff's Signature) R. AMIS, C/O    DATE SIGNED: 5-9-07    TIME SIGNED: 1100

CDC 115-C (5/95)                                                                                        OSP 99 25082

| STATE OF CALIFORNIA | | | | DEPARTMENT OF CORRECTIONS |
|---|---|---|---|---|
| RULES VIOLATION REPORT - PART C | | | | PAGE 1 OF 2 |

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| J-06678 | MURATALLA-LUA | P07-04-0023 | PBSP | 6/7/07 |

☐ SUPPLEMENTAL    ☒ CONTINUATION OF:    ☐ CDC 115 CIRCUMSTANCES    ☒ HEARING    ☐ I.E. REPORT    ☐ OTHER

The hearing was convened on 6/6/2007, at approximately 0905 hours when I introduced myself to MURATALLA-LUA as the Senior Hearing Officer for this disciplinary.

**Staff Assistant:** Staff Assistant was assigned as this inmate currently receives EOP level of care and, per the memorandum of 8-14-98, assignment is mandatory.

The assigned SA, T. MANDEL, was present at the hearing and confirmed that MURATALLA-LUA was interviewed more than 24 hours in advance and offered an explanation of hearing procedures, disciplinary charges, the evidence supporting these charges and the right to request confidentiality. MURATALLA-LUA speaks little or no English. The assigned Staff Assistant also served as the interpreter for this inmate. As interpreted by the SA, MURATALLA-LUA stated that he was prepared to begin. MURATALLA-LUA did not respond in English during the hearing. MURATALLA-LUA responded in limited English during the hearing. As needed, MURATALLA-LUA asked for clarification and assistance with his English from his SA.

**Hearing:** MURATALLA-LUA stated he was in good health with normal vision and hearing. MURATALLA-LUA acknowledged that he received copies of the following documents more than 24 hours in advance of the hearing: CDC-115 and the Assessment Request. These reports as well as the disciplinary charge of DISRESPECT WITH POTENTIAL FOR VIOLENCE were reviewed with MURATALLA-LUA in the hearing. He stated that he understood both and that he was prepared to begin the hearing.

**District Attorney:** This has not been referred for criminal prosecution.

**Due Process:** On 5/24/2007, MURATALLA-LUA signed a written request to postpone the hearing and freeze all time constraints. The reason for the postponement was MURATALLA-LUA requested the reporting employee be present at the hearing. The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Investigative Employee:** Investigative Employee was assigned. IE was reviewed in hearing. MURATALLA-LUA acknowledges receiving and reviewing the completed IE report more than 24 hours in advance of the hearing. In the hearing, MURATALLA-LUA stated that he is satisfied with the completed report.

**Request for Witnesses:** MURATALLA-LUA requested Officer M. Labans as a witness to give the following anticipated testimony: "Why I was not offered medical attention after the escort." Request granted. MURATALLA-LUA waived all other witnesses in the hearing.

**Video and photo evidence:** Videotape and photo evidence was not an issue for this hearing.

**Plea:** MURATALLA-LUA pled not guilty during the hearing.

**Hearing testimony:** MURATALLA-LUA gave the following testimony as his defense: "I never got in trouble before, Officer Labans is harassing me."

During the hearing MURATALLA-LUA had the following question for Officer Labans:
Q-1 Why was I not offered medical attention?
A-1 You were offered Medical attention but you refused.

| SIGNATURE OF WRITER | TITLE | DATE NOTICE SIGNED | |
|---|---|---|---|
| K. P. COOKE | Correctional Lieutenant | 6/7/07 | |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) J. Moore | DATE SIGNED: 6/26/07 | TIME SIGNED: 1800 |

STATE OF CALIFORNIA  
RULES VIOLATION REPORT - PART C  

DEPARTMENT OF CORRECTIONS  
PAGE  2  OF  2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| J-06678 | MURATALLA-LUA | P07-04-0023 | PBSP | 6/7/07 |

☐ SUPPLEMENTAL    ☒ CONTINUATION OF:    ☐ CDC 115 CIRCUMSTANCES    ☒ HEARING    ☐ I.E. REPORT    ☐ OTHER

**Assessment request:** The Mental Health Assessment has been received and reviewed. The clinician does not believe that this behavior was influenced by this inmate's mental disorder. The clinician has not recommended mitigation of any penalties.

**Finding:** Guilty of the Div F (3) offense DISRESPECT WHICH BY REASON OF INTENSITY OR CONTEXT CREATES A POTENTIAL FOR VIOLENCE OR MASS DISRUPTIVE CONDUCT. Any comment or action that demeans or demoralizes a staff member qualifies for this offense. The comment or action may be directed against the staff member or occur in the presence of the staff member. Because this type of misconduct encourages similar misconduct from others, this type of comment or action creates a potential for mass disruptive conduct. This finding is based upon the following preponderance of evidence:

A. The testimony of CORRECTIONAL OFFICER M. LABANS in the disciplinary report of 4/19/2007 wherein Officer Labans testifies that, MURATALLA-LUA was escorted to the Law Library and was instructed to kneel down for the removal of the leg irons. MURATALLA-LUA became highly agitated and stated "why are you fucking with me."
B. The leg irons were removed while MURATALLA-LUA was kneeling on the floor, MURATALLA-LUA began calling Officer Labans a "fucking bitch."
C. MURATALLA-LUA's Law Library visit was terminated and was escorted back to the unit. During the escort MURATALLA-LUA continued calling Officer Labans a "fucking bitch." Also, during the escort MURATALLA-LUA had leg irons on and making large deliberate steps causing abrasions to his ankles. When MURATALLA-LUA was placed back into his cell his ankles were skinned and bleeding.
D. During the hearing Officer Labans stated MURATALLA-LUA was offered medical attention but he refused.
E. On 5/24/2007, Officer D. Seamons authored a 128-B documenting MURATALLA-LUA thrusting his legs forward fully extending the leg irons in an attempt to injure himself.

**Disposition:** Assessed 30 day credit forfeiture for this Div. F offense. MURATALLA-LUA was informed that his credit restoration period began 4/20/2007 and this restoration period is a minimum of three months (if within 60 days of scheduled release, the minimum is reduced to one month). If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration. If he completes this restoration period disciplinary free, he may request a classification review. Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct. Appeal rights were explained. MURATALLA-LUA was referred to CCR §3084.1 and following for additional information on appeal procedures.

**Additional penalties:** None

| SIGNATURE OF WRITER | TITLE | DATE NOTICE SIGNED |
|---|---|---|
| K. P. COOKE | Correctional Lieutenant | 6/7/07 |

| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
|---|---|---|---|
| | [signature] | 6/26/07 | 1800 |

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| J-06678 | MURATALLA-LUA | 3004 (b) | 04-19-07 | PBSP | P07-04-0023 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution.
INMATE'S SIGNATURE ► _____ DATE _____

☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution.
INMATE'S SIGNATURE ► _____ DATE _____

DATE NOTICE OF OUTCOME RECEIVED _____ DISPOSITION _____

☐ I REVOKE my request for postponement.
INMATE'S SIGNATURE ► _____ DATE _____

## STAFF ASSISTANT

INMATE'S SIGNATURE ► Muratalla Lua    DATE 4-27-07

STAFF ASSISTANT
☒ REQUESTED
☒ ASSIGNED    DATE 4-27-07    NAME OF STAFF T. Mandel
☐ WAIVED BY INMATE
☐ NOT ASSIGNED    REASON _____

## INVESTIGATIVE EMPLOYEE

INMATE'S SIGNATURE ► MURATALLA LUIS    DATE 4-27-07

INVESTIGATIVE EMPLOYEE
☒ REQUESTED
☐ ASSIGNED    DATE _____    NAME OF STAFF _____
☐ WAIVED BY INMATE
☐ NOT ASSIGNED    REASON _____

EVIDENCE / INFORMATION REQUESTED BY INMATE: _____

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☒ REPORTING EMPLOYEE ☐ STAFF ASSISTANT ☐ INVESTIGATIVE EMPLOYEE ☐ OTHER _____ ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| S. George c/o | ☐ | ☐ | | ☐ | ☐ |
| S. Freeman c/o | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

INVESTIGATOR'S SIGNATURE ► _____    DATE _____

☒ COPY OF CDC 115-A GIVEN INMATE    BY: (STAFF'S SIGNATURE) ► Ramir, CORRECTIONAL OFFICER    TIME 1115    DATE 4-27-07

## REVIEWING CUSTODY SUPERVISOR

A Rules Violation Report (RVR), CDC115, has been written on the following inmate, who requires a mental health assessment.

Inmate Name: MURATALLA-LUA                               CDC Number: J-06678
RVR Log Number: P07-04-0023       Date of Violation: 04-19-07   Housing: B02-202L
Specific Act Charged: DISRESPECT WITH POTENTIAL FOR VIOLENCE

The inmate's current Mental Health Level of Care is: (check one)
[ ] NOT IN THE MHSDS PROGRAM*   [ ] CCCMS*   [X] EOP   [ ] MHCB   [ ] DMH
*CCCMS AND NON-MHSDS PROGRAM PARTICIPANTS WILL BE REFERRED FOR A MENTAL HEALTH ASSESSMENT FOR "BIZARRE, UNUSUAL OR UNCHARACTERISTIC" BEHAVIOR

FAXED
Sent to Mental Health: 04-20-07    By: R. AMIS    /R. Amis
                       Date              Print Name       Signature

Return this form to: __PSU__ By: __ASAP__ (CCCMS and non-MHSDS, 5 Working Days: EOP/MHCB/DMH, 15 Calendar Days)

CARRIED: _____

### MENTAL HEALTH CLINICIAN
Use "Lay Terms" for responses

Conducted **non-confidential** interview: __4/27/07__ (Inmate informed of non-confidentiality).
                                              Date

1. CCCMS/NON MHSDS only. Are there any mental health factors that would cause the inmate to experience difficulty in understanding the disciplinary process and representing his/her interests in the hearing that would indicate the need for the assignment of a Staff Assistant? [X] Yes [ ] No  Explain "yes" response __EOP LoC, needs Staff assistant__

2. In your opinion, did the inmate's mental disorder appear to contribute to the behavior that led to the RVR? [ ] Yes [X] No. Explain "yes" response _____

3. If the inmate is found guilty of the offence, are there any mental health factors that the hearing officer should consider in assessing the penalty? [ ] Yes [X] No  Explain "yes" response _____

| Institution: PBSP | Clinician: B DAVID LSW / D SHAW DSW | Signature: | Date: 4/27/07 |
|---|---|---|---|
| Received by (Custody Staff) Name: | | Signature: | Date: |

Distribution: Original: Central File with Adjudicated CDC 115:   First Copy: Unit Health Record:   Second Copy: Inmate

RULES VIOLATION REPORT:          Inmate Name: Muratalla-Lua
MENTAL HEALTH ASSESSMENT         (Last, First, MI)
CDC 115-X (11/02)                CDC Number: J06678
                                 DOB:

STATE OF CALIFORNIA   DEPARTMENT OF CORRECTIONS
                     AND REHABILITATION

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS
                                                                             CDC-128 B (8-87)

NAME and NUMBER   Muratalla-Lua            J-06678          RM:   B2-232

During the disciplinary hearing on log number: P07-04-0023, Inmate  Muratalla-Lua CDC # J-06678
requested postponement of his hearing. This request for postponement also freezes all hearing time constraints.

[signature]

Inmate signature


ORIG  :  C-File
      :  AWC

DATE    5-24-07                                    PBSP              GENERAL CHRONO

| PELICAN BAY STATE PRISON |
|---|
| SECOND LEVEL REVIEW |

DATE:   AUG 1 3 2007

Inmate MURATALLA-LUA, J06678
Pelican Bay State Prison
Facility B, Psychiatric Services Unit
Building 2, Cell 220

RE: WARDEN'S LEVEL DECISION                APPEAL: DENIED
    APPEAL LOG NO. PBSP-P-07-01432          ISSUE: DISCIPLINARY
                                            LOG NO. P07-04-0023

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP). On July 31, 2007, Correctional Counselor II (CCII) N. Threm conducted the interview at the Second Level of Review with Office Technician S. Zarate as a Spanish interpreter.

## ISSUES

Inmate Muratalla-Lua requests dismissal of the disciplinary.

## FINDINGS

### I

On April 19, 2007, the inmate was issued a disciplinary for Disrespect with Potential for Violence and was subsequently found guilty of the charge. During a routine Law Library escort, Correctional Officer M. Labans, the Reporting Employee, instructed the inmate to kneel down at the Law Library cell front, so that the leg irons could be removed. The inmate became highly agitated stating, "Why are you fucking with me?" The inmate was advised that it was procedure for the leg irons to be removed before he was placed in the holding cell. He continued to argue wanting to kneel on the stool inside of the cell and was again instructed to kneel on the floor. He knelt on the floor and the leg irons were removed. He stepped into the cell and began calling Officer Labans, a "fucking bitch." The Law Library visit was terminated and he was escorted back to the unit. During the walk back to the unit, the inmate remained agitated. He called Officer Labans a "fucking bitch" several times. As they walked, the inmate was yanking on his leg irons by taking large deliberate strides forcing the leg irons taught, attempting to cause small abrasions and bleeding. He was also muttering mostly in Spanish all the way back to the unit. When the inmate was placed back in his cell, his ankles were skinned and bleeding. The inmate disputes the finding stating that his disciplinary hearing was held five days late. Therefore, he should be found not guilty and the charges dismissed.

### II

The Second Level Reviewer interviewed the inmate relative to his appeal issue. The inmate reiterated that he disputes that the hearing was held over 30 days. Additionally, he disputes that a

Supplement Page 2
MURATALLA-LUA, J06678
Appeal # PBSP-P-07-01432

CCII classified the CDC 115, Rules Violation Report.

## DETERMINATION OF ISSUE

The California Code of Regulations (CCR) Title 15, Section 3313, Classification of Rules Violation Report and Notice of Pending Charges, states in part, *"(a) Each CDC Form 115 shall be classified by designated staff not below the level required to conduct serious disciplinary hearings. Exception: In facilities with only one individual at the rank of correctional lieutenant or higher, an experienced correctional sergeant may classify rule violations."* The rank of CCII is at the level required to conduct serious disciplinary hearings. There has been no violation of policy as the inmate contends.

The, CCR, Title 15, Section 3320, Hearing Procedures and Time Limitations, states in part, *"(d) A hearing may be postponed up to 30 days upon the inmate's written request showing a reasonable need for postponement. Postponement shall not bar any credit forfeiture. (e) If a hearing is postponed for any reason, such reason shall be documented in the findings section of the CDC Form 115."*

The Senior Hearing Officer documents in the hearing that on May 24, 2007, the inmate signed a written request to postpone the hearing and freeze all time constraints. The reason for the postponement was that the inmate requested the Reporting Employee to be present at the hearing. A copy of the CDC 128B, dated May 24, 2007, which is signed by the inmate, was attached to the appeal at the Second Level of Review.

The CCR, Title 15, Section 3320 (l), requires that any finding of guilt be based upon a determination by the official conducting the hearing that a preponderance of evidence submitted at the hearing substantiates the charge. It was determined by the hearing officer that there was a preponderance of evidence to support the charge and finding of guilt. The inmate has provided no additional information or evidence that his procedural or due process requirements were violated.

As a result of this review, a determination has been made that the finding was reasonable and the inmate has failed to present sufficient evidence to warrant a reduction in the finding; therefore, this APPEAL IS DENIED.

## MODIFICATION ORDER

No modification of this decision or action taken is required.

*[signature]*

ROBERT A. HOREL
Warden

NAT # 25    Date 07/31/07