# EXHIBIT B

# RULES VIOLATION REPORT

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS

B2-232

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| J-06678 | MURATALLA-LUA | | PBSP | B02-202L | P07-04-0023 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3004 (b) | Disrespect With Potential for Violence | Lib. Escort | 04-19-07 | 0745 Hours |

**CIRCUMSTANCES**

On 04-19-07 at approximately 0745 during a routine Law Library escort I instructed inmate MURATALLA-LUA to kneel down at the Law Library cell front so I could remove the leg irons. Inmate MURATALLA-LUA became highly agitated stating "Why are you fucking with me?" I informed MURATALLA-LUA that it was procedure for the leg irons to be removed before he was placed in the holding cell. He continued arguing wanting to kneel on the stool inside the cell I again instructed him to kneel on the floor. He knelt on the floor, I removed the leg irons, he stepped into the cell and began calling me a "Fucking bitch." MURATALLA-LUA'S Law Library visit was terminated and he was escorted back to the unit. MURATALLA-LUA remained agitated and angry on the escort back to the unit calling me a "Fucking bitch" several times during the walk back to the unit. As we walked MURATALLA-LUA was yanking on his leg irons by taking large deliberate strides forcing the leg irons taught, attempting to cause small abrasions and bleeding. He was also muttering mostly in Spanish all the way back to the unit. When MURATALLA-LUA was placed back in his cell his ankles were skinned and bleeding.

REPORTING EMPLOYEE (Typed Name and Signature): M. Labans, Correctional Officer
DATE: 4-20-07
ASSIGNMENT: 251712
RDO'S: F/S/H

REVIEWING SUPERVISOR'S SIGNATURE: J. Ricker, Correctional Sergeant
DATE: 4-20-07
☐ INMATE SEGREGATED PENDING HEARING

CLASSIFIED
☐ ADMINISTRATIVE
☒ SERIOUS
OFFENSE DIVISION: F(3)
DATE: 4/20/07
CLASSIFIED BY (Typed Name and Signature): CCII Jacoton
HEARING REFERRED TO: ☐ HO ☒ SHO ☐ SC ☐ FC

**COPIES GIVEN INMATE BEFORE HEARING**

☒ CDC 115  BY: (STAFF'S SIGNATURE) R. Amis  DATE: 4-27-07  TIME: 1115  TITLE OF SUPPLEMENT: Mental Health Assessment 115 X

☐ INCIDENT REPORT LOG NUMBER: ___  BY: (STAFF'S SIGNATURE) R. Amis  DATE: 5-9-07  TIME: 1100

**HEARING**

128 Dated 05-24-07 By: R. Amis, C/O  Date: 6-5-07  Time: 0900

REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA

ACTION BY: (TYPED NAME) K.P. COOKE, CORRECTIONAL LIEUTENANT
SIGNATURE:
DATE: 6/6/07  TIME: 0905

REVIEWED BY: (SIGNATURE) D. BRADBURY, FACILITY CAPTAIN  DATE: 6/11/07
CHIEF DISCIPLINARY OFFICER'S SIGNATURE: M. SMELOSKY, ASSOCIATE WARDEN  DATE: 6/19/2007

☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING
BY: (STAFF'S SIGNATURE) J Moore
DATE: 6/26/07  TIME: 1800

CDC 115 (7/88)

STATE OF CALIFORNIA                                                                      DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                                                          PAGE __1__ OF __2__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| J-06678 | MURATALLA-LUA | P07-04-0023 | PBSP | 6/7/07 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ CDC 115 CIRCUMSTANCES   ☒ HEARING   ☐ I.E. REPORT   ☐ OTHER

The hearing was convened on 6/6/2007, at approximately 0905 hours when I introduced myself to MURATALLA-LUA as the Senior Hearing Officer for this disciplinary.

**Staff Assistant:** Staff Assistant was assigned as this inmate currently receives EOP level of care and, per the memorandum of 8-14-98, assignment is mandatory.

The assigned SA, T. MANDEL, was present at the hearing and confirmed that MURATALLA-LUA was interviewed more than 24 hours in advance and offered an explanation of hearing procedures, disciplinary charges, the evidence supporting these charges and the right to request confidentiality. MURATALLA-LUA speaks little or no English. The assigned Staff Assistant also served as the interpreter for this inmate. As interpreted by the SA, MURATALLA-LUA stated that he was prepared to begin. MURATALLA-LUA did not respond in English during the hearing. MURATALLA-LUA responded in limited English during the hearing. As needed, MURATALLA-LUA asked for clarification and assistance with his English from his SA.

**Hearing:** MURATALLA-LUA stated he was in good health with normal vision and hearing. MURATALLA-LUA acknowledged that he received copies of the following documents more than 24 hours in advance of the hearing: CDC-115 and the Assessment Request. These reports as well as the disciplinary charge of DISRESPECT WITH POTENTIAL FOR VIOLENCE were reviewed with MURATALLA-LUA in the hearing. He stated that he understood both and that he was prepared to begin the hearing.

**District Attorney:** This has not been referred for criminal prosecution.

**Due Process:** On 5/24/2007, MURATALLA-LUA signed a written request to postpone the hearing and freeze all time constraints. The reason for the postponement was MURATALLA-LUA requested the reporting employee be present at the hearing. The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Investigative Employee:** Investigative Employee was assigned. IE was reviewed in hearing. MURATALLA-LUA acknowledges receiving and reviewing the completed IE report more than 24 hours in advance of the hearing. In the hearing, MURATALLA-LUA stated that he is satisfied with the completed report.

**Request for Witnesses:** MURATALLA-LUA requested Officer M. Labans as a witness to give the following anticipated testimony: "Why I was not offered medical attention after the escort." Request granted. MURATALLA-LUA waived all other witnesses in the hearing.

**Video and photo evidence:** Videotape and photo evidence was not an issue for this hearing.

**Plea:** MURATALLA-LUA pled not guilty during the hearing.

**Hearing testimony:** MURATALLA-LUA gave the following testimony as his defense: "I never got in trouble before, Officer Labans is harassing me."

During the hearing MURATALLA-LUA had the following question for Officer Labans:
Q-1 Why was I not offered medical attention?
A-1 You were offered Medical attention but you refused.

| SIGNATURE OF WRITER | TITLE | DATE NOTICE SIGNED |
|---|---|---|
| K. P. COOKE | Correctional Lieutenant | 6/7/07 |

| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) J. Moore | DATE SIGNED: 6/26/07 | TIME SIGNED: 1800 |

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                                          PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| J-06678 | MURATALLA-LUA | P07-04-0023 | PBSP | 6/7/07 |

☐ SUPPLEMENTAL    ☑ CONTINUATION OF:    ☐ CDC 115 CIRCUMSTANCES    ☑ HEARING    ☐ I.E. REPORT    ☐ OTHER

**Assessment request**: The Mental Health Assessment has been received and reviewed. The clinician does not believe that this behavior was influenced by this inmate's mental disorder. The clinician has not recommended mitigation of any penalties.

**Finding**: Guilty of the Div F (3) offense DISRESPECT WHICH BY REASON OF INTENSITY OR CONTEXT CREATES A POTENTIAL FOR VIOLENCE OR MASS DISRUPTIVE CONDUCT. Any comment or action that demeans or demoralizes a staff member qualifies for this offense. The comment or action may be directed against the staff member or occur in the presence of the staff member. Because this type of misconduct encourages similar misconduct from others, this type of comment or action creates a potential for mass disruptive conduct. This finding is based upon the following preponderance of evidence:

A. The testimony of CORRECTIONAL OFFICER M. LABANS in the disciplinary report of 4/19/2007 wherein Officer Labans testifies that, MURATALLA-LUA was escorted to the Law Library and was instructed to kneel down for the removal of the leg irons. MURATALLA-LUA became highly agitated and stated "why are you fucking with me."
B. The leg irons were removed while MURATALLA-LUA was kneeling on the floor, MURATALLA-LUA began calling Officer Labans a "fucking bitch."
C. MURATALLA-LUA's Law Library visit was terminated and was escorted back to the unit. During the escort MURATALLA-LUA continued calling Officer Labans a "fucking bitch." Also, during the escort MURATALLA-LUA had leg irons on and making large deliberate steps causing abrasions to his ankles. When MURATALLA-LUA was placed back into his cell his ankles were skinned and bleeding.
D. During the hearing Officer Labans stated MURATALLA-LUA was offered medical attention but he refused.
E. On 5/24/2007, Officer D. Seamons authored a 128-B documenting MURATALLA-LUA thrusting his legs forward fully extending the leg irons in an attempt to injure himself.

**Disposition**: Assessed 30 day credit forfeiture for this Div. F offense. MURATALLA-LUA was informed that his credit restoration period began 4/20/2007 and this restoration period is a minimum of three months (if within 60 days of scheduled release, the minimum is reduced to one month). If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration. If he completes this restoration period disciplinary free, he may request a classification review. Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct. Appeal rights were explained. MURATALLA-LUA was referred to CCR §3084.1 and following for additional information on appeal procedures.

**Additional penalties**: None

| SIGNATURE OF WRITER | TITLE | DATE NOTICE SIGNED |
|---|---|---|
| K. P. COOKE | Correctional Lieutenant | 6/7/07 |

| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
|---|---|---|---|
| | | 6/26/07 | 1800 |

| STATE OF CALIFORNIA | | | | DEPARTMENT OF CORRECTIONS PAGE 1 OF 2 |
|---|---|---|---|---|
| RULES VIOLATION REPORT - PART C | | | | |
| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
| J-06678 | MURATALLA-LUA | P07-04-0023 | PBSP | 5-1-07 |

☐ SUPPLEMENTAL  ☐ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☒ IE REPORT  ☐ OTHER____

** INVESTIGATIVE EMPLOYEE REPORT **
CDC-115 LOG NUMBER P07-04-0023

ON 5-1-07 CORRECTIONAL SERGEANT E.M. OCHOA RDO'S F/S
WAS ASSIGNED AS THE INVESTIGATIVE EMPLOYEE.

On 5-1-07 at approximately 0820 hours, I notified Inmate Muratalla-lua, J-06678 that I was assigned as the IE regarding his CDC-115 dated: 4-19-07 Log# P07-04-0023, and that my function was as a fact finder for the Senior Hearing Officer, to gather pertinent information, question staff, and/or inmates, and submit a written report. Inmate Muratalla-Lua, J-06678 stated that he understood my position as the IE, and had no objections to my serving in that capacity.

DEFENDANT'S STATEMENT: " On the day of 4-19-07 they took me out to go to the library by C/O, M. Labans was pushing me against the wall, I asked will you please not push me. C/O Labans asked me if I was going to walk this slow all the way to the SHU? I told please forgive me for walking so slowly but that is the best I can do with these leg-irons on. When we arrived at the library I was pushed again, and I asked again, please don't push me, I did not give you a reason, I am in restraints. C/O Labans told me that I will take you back and scolded me. C/O Labans and C/O Freeman at the library grabbed me hard on my arms and pushed me all the way back. I told C/O Labans and C/O Freeman that the leg-irons were irritating my feet and I could not walk and more stronger they pushed me all the way. C/O Labans told me I was getting a write-up. I asked to write down I asked not to be pushed and they did not listen to me. When I was trying to explain in english they told me "fucking mexican" then they talked to me in spanish, "fucking mexican go to your land, bastard wet back", and that hurt me. When we got to the cell they took off the leg-irons and I showed them the blood on my ankles and I requested medical. And they told me the mexican donkey's don't need medical. I told them that my ankle was infected. I turned in a paper for medical and it cost me money. I request that for an investigation of C/O Labans for the last two (2) years when go by my cell tell me to shut your mouth in order to eat. I request that C/O Labans be investigated because all that comes out of C/O Labans mouth is lies and I request a polygraph on C/O Labans so that you can hear the lies of C/O Labans. I put the same testimony of Laban to see who is lying I put this as testimony so that you can see that all that I have said is the pure truth. and all that Labans wrote in the 115 is pure lies. I also want to know why I did not get medical. I want to know why the attention from medical for the bleeding ankle. I want to know why Labans told me because I am mexican I will not get medical. Why is it that Labans does not look at me in the face. Why does Labans mistreat me because I am mexican. I want to know why when Labans see me eating tells me to shut my mouth while I am eating. I am hurt over this and I want Labans investigated from medical with polygraph and later will discover what a liar. They want to use their strength of cohersion. Please request investigation of Labans with detecter of lies. I am innocent and I can prove it with polygraph. C/O Labans, C/O Freeman" Sincerely with respect Luis P.S. The evidence I have is a sock with blood.

REPORTING EMPLOYEE'S STATEMENT: SEE ADDITIONAL PAGE.

SIGNATURE OF WRITER: E.M. OCHOA, CORRECTIONAL SERGEANT    DATE SIGNED: 5-2-2007

☒ COPY OF CDC 115-C GIVEN TO INMATE    GIVEN BY: (Staff's Signature) R. AMIS    DATE SIGNED: 5-9-07    TIME SIGNED: 1100

T. MANDELL

CDC 115-C (5/95)    OSP 99 25082

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C
PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| J-06678 | MURATALLA-LUA | P07-04-0023 | PBSP | 5-1-07 |

☐ SUPPLEMENTAL   ☐ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☐ HEARING   ☒ IE REPORT   ☐ OTHER____

CONTINUATION

REPORTING EMPLOYEE'S STATEMENT: On 5-1-07 at approximately 1115 hours, I interviewed Correctional Officer M. Labans, the Reporting Employee, made the following statement: I asked him if he wanted to see medical because he was yelling and screaming and waving his blooby sock in the air, he stated, "no fuck you, I am going to get a law suit on you." I explained to him at that time that the abrations on his ankle were caused by him because he was yanking on the leg-irons forcing them tightly around his ankles.

STAFF WITNESSES:   NONE REQUESTED

END OF REPORT.

SIGNATURE OF WRITER: E.M. OCHOA, CORRECTION SERGEANT    DATE SIGNED: 5-2-2007

GIVEN BY: (Staff's Signature) R. AMIS    DATE SIGNED: 5-9-07    TIME SIGNED: 1100

☒ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)    OSP 99 25082

# STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS
## SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| J-06678 | MURATALLA-LUA | 3004 (b) | 04-19-07 | PBSP | P07-04-0023 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT  ☐ YES  ☒ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution.  INMATE'S SIGNATURE ▶  DATE

☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution.  INMATE'S SIGNATURE ▶  DATE

DATE NOTICE OF OUTCOME RECEIVED  |  DISPOSITION

☐ I REVOKE my request for postponement.  INMATE'S SIGNATURE ▶  DATE

### STAFF ASSISTANT

STAFF ASSISTANT
☒ REQUESTED  ☐ WAIVED BY INMATE   INMATE'S SIGNATURE ▶ [signature]   DATE 4-27-07
☒ ASSIGNED   DATE 4-27-07   NAME OF STAFF: T. Mandel
☐ NOT ASSIGNED   REASON

### INVESTIGATIVE EMPLOYEE

INVESTIGATIVE EMPLOYEE
☒ REQUESTED  ☐ WAIVED BY INMATE   INMATE'S SIGNATURE ▶ MURATALLA LUIS   DATE 4-27-07
☐ ASSIGNED   DATE   NAME OF STAFF
☐ NOT ASSIGNED   REASON

EVIDENCE / INFORMATION REQUESTED BY INMATE:

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☒ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER _____  ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| S. George C/O | ☐ | ☐ | | ☐ | ☐ |
| S. Freeman C/O | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

INVESTIGATOR'S SIGNATURE ▶   DATE

☒ COPY OF CDC 115-A GIVEN INMATE   BY: (STAFF'S SIGNATURE) ▶ R. Amis, CORRECTIONAL OFFICER   TIME 1115   DATE 4-27-07

CDC 115-A (7/88)   — If additional space is required use supplemental pages —   OSP 03 74845

## REVIEWING CUSTODY SUPERVISOR

A Rules Violation Report (RVR), CDC115, has been written on the following inmate, who requires a mental health assessment.

Inmate Name: MURATALLA-LUA   CDC Number: J-06678
RVR Log Number: P07-04-0023   Date of Violation: 04-19-07   Housing: B02-202L
Specific Act Charged: DISRESPECT WITH POTENTIAL FOR VIOLENCE

The inmate's current Mental Health Level of Care is: (check one)
[ ] NOT IN THE MHSDS PROGRAM*   [ ] CCCMS*   [X] EOP   [ ] MHCB   [ ] DMH
*CCCMS AND NON-MHSDS PROGRAM PARTICIPANTS WILL BE REFERRED FOR A MENTAL HEALTH ASSESSMENT FOR "BIZARRE, UNUSUAL OR UNCHARACTERISTIC" BEHAVIOR

FAXED
Sent to Mental Health: 04-20-07   By: R. AMIS   /R. Amis
Return this form to: PSU   By: ASAP   (CCCMS and non-MHSDS, 5 Working Days: EOP/MHCB/DMH, 15 Calendar Days)
CARRIED: _____

### MENTAL HEALTH CLINICIAN
Use "Lay Terms" for responses

Conducted **non-confidential** interview: 4/27/07 (Inmate informed of non-confidentiality).

1. CCCMS/NON MHSDS only. Are there any mental health factors that would cause the inmate to experience difficulty in understanding the disciplinary process and representing his/her interests in the hearing that would indicate the need for the assignment of a Staff Assistant? [X] Yes [ ] No Explain "yes" response  EOP LoC, needs Staff assistant

2. In your opinion, did the inmate's mental disorder appear to contribute to the behavior that led to the RVR? [ ] Yes [X] No Explain "yes" response _____

3. If the inmate is found guilty of the offence, are there any mental health factors that the hearing officer should consider in assessing the penalty? [ ] Yes [X] No Explain "yes" response _____

| Institution: PBSP | Clinician: B. DAVID LSW / D. RAY LCSW | Signature: | Date: 4/27/07 |
|---|---|---|---|
| Received by (Custody Staff) Name: | | Signature: | Date: |

Distribution:   Original: Central File with Adjudicated CDC 115:   First Copy: Unit Health Record:   Second Copy: Inmate

**RULES VIOLATION REPORT:**
**MENTAL HEALTH ASSESSMENT**
**CDC 115-X (11/02)**

Inmate Name: Muratalla-Lua
(Last, First, MI)
CDC Number: J06678
DOB:

STATE OF CALIFORNIA   DEPARTMENT OF CORRECTIONS AND REHABILITATION

RULE VIOLATION REPORT: Mental Health Evaluation (continued) #2

Review of this inmate's mental health record suggests that the inmate was diagnosed with a mental illness prior to the occurrence of the behavior resulting in the 115. At the time of the current assessment, approximately ___8___ days following the disciplinary, the inmate was, in my opinion, evidencing a mental illness which was consistent with earlier descriptions. It would thus appear likely that the mental illness was present at the time that the behavior occurred.

The mental illness which has been diagnosed typically affects individuals' behavior in a number of contexts. While it would appear likely that the behavior resulting in the disciplinary was influenced by mental illness, the extent and nature of this influence is uncertain.

The current assessment consisted of a record review, interview with the inmate and interview with a clinician who is familiar with the inmate's recent mental health history. The contents and process of the current evaluation were as prescribed by CDC directive and may not be consistent with existing standards of practice for forensic assessments to determine "mental state at the time of offense". Additional forensic assessment (utilizing methodology which is consistent with existing recognized standards of practice for forensic assessments) would likely result in recommendations which could be made with an increased level of confidence.

_D. Roy DSW_
Clinician Name and Degree

_4-27-07_
Date

_Muratalla-Lua_
Inmate/Patient Name

_J06678_
CDC Number

_P07-04-0023_
RVR Log Number

# STAFF ASSISTANT WORKSHEET

Inmate Name: __MURATALLA-LUA__   CDC Number: __J-06678__

115 Log Number: __P07-04-0023__   Interview Date: __4-27-07__   Time: __1115__

Staff Assistant Name: __T. Mandel__

The Staff Assistant Interview must be held more than 24 hours prior to the disciplinary hearing.

- [x] Introduce yourself as the assigned Staff Assistant.
- [x] Inform the inmate that he may refuse the first staff member assigned as a Staff Assistant. If refused, a second Staff Assistant will be assigned.
  - [x] The inmate accepted your assignment as Staff Assistant (If rejected as Staff Assistant, inform the Facility Captain).
  - [ ] The inmate did not request a second Staff Assistant.
  - [ ] Inmate refused assistance by stating," _____".
  - [ ] Inmate refused to respond.

Note: Once a need for a Staff Assistant has been established by the CDO, the inmate may not waive assignment of a Staff Assistant. Staff Assistants are assigned by the Facility Captain. An inmate may not choose his Staff Assistant. Per CCR 3315, a 3rd Staff Assistant may be assigned by the CDO if the 2nd is rejected. Per PBSP policy, the 2nd Staff Assistant will complete the assignment whether rejected or not..

- [x] Explain confidentially as follows: If the inmate requests confidentiality, prior to making any incriminating admissions or statements, the incriminating statements made will not be allowed as evidence in a disciplinary hearing.

Note: Privacy is not the same as confidentiality. Normally, the Staff Assistant's interview will be conducted at the cell front or a public area. However, if the inmate requests privacy for the interview and moving the inmate poses minimal risk, move the interview to a location separate from other inmates.

- [x] If the disciplinary has been referred for criminal prosecution, remind the inmate that any statements or evidence gathered in the hearing process (other than confidential statements given the SA) can be used as evidence in a court of law. If the inmate wishes to avoid self incrimination, he can request postponement of the hearing. The inmate can change his decision to postpone or not to postpone his hearing until the DA files charges. After charges have been filed, it cannot be changed.

- [x] Explain the duties of the Staff Assistant. The Staff Assistant does not: investigate or seek evidence favoring the inmate; represent or argue in the inmate's favor; or advise the inmate on his defense or make any recommendations on how the inmate represents himself in the hearing.

The Staff Assistant will (upon request from the inmate) provide the following assistance (check box if provided):

- [x] Read and explain the disciplinary report to the inmate,
- [x] Explain the disciplinary offence,
- [x] Answer any relevant questions about the hearing procedures,
- [x] If the inmate cannot explain himself in the hearing but he can explain his defense to the Staff Assistant, explain the inmate's case to the Hearing Officer.

Note: The Staff Assistant must offer assistance but accepting his assistance is the inmate's choice. If the inmate refuses the assistance or otherwise refuses to cooperate, this is the inmate's choice. Inform the inmate that you will be at the hearing, and conclude the interview.. If the inmate become belligerent, hostile, disrespectful or refuses to cooperate, this will constitute a refusal of assistance.

If the inmate asks the same question, claiming that he does not understand, make a reasonable effort to provide an answer. Once you have made a reasonable effort, have fulfilled your obligation.

This form is not a hearing document. It is designed to assist the Staff Assistant in completing the interview and keeping note on the interview. This remains the property of the Staff Assistant.