1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
   Supervising Deputy Attorney General
5  EMILY L. BRINKMAN, State Bar No. 219400
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5742
    Fax:  (415) 703-5843
8   Email:  Emily.Brinkman@doj.ca.gov
   Attorneys for Defendants Labans and Freeman

9

10

11                      IN THE UNITED STATES DISTRICT COURT

12                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                              SAN FRANCISCO DIVISION

| | |
|---|---|
| 14  **LUIS MURATALLA-LUA,** | C 07-5088 WHA |
| 15                                      Plaintiff, | **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| 16       v. | |
| 17  **Correctional Officer LABANS and Correctional Officer FREEMEN,** | |
| 18                                      Defendants. | |
| 19 | |

20                              **INTRODUCTION**

21      Luis Muratalla-Lua (Plaintiff) is an inmate incarcerated by the California Department of

22  Corrections and Rehabilitation (CDCR) at Pelican Bay State Prison (Pelican Bay).  Plaintiff

23  alleges in his Complaint, filed October 3, 2007, that two correctional officers at Pelican Bay

24  violated his Eighth Amendment right to be free from cruel and unusual punishment during an

25  escort to the law library.  (Compl. at 3, Court Docket No. 1.)  The Court then screened Plaintiff's

26  Complaint as required by 42 U.S.C. § 1997e of the Prison Litigation Reform Act (PLRA).

27  (Court Docket No. 5.)

28      Plaintiff then filed a First Amended Complaint including the previously screened Eighth

Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. Dismiss                    *Muratella-Lua v. Labans, et al.*
                                                                       C 07-5088 WHA

1

1  Amendment claim but also alleging that he had suffered additional constitutional violations.

2  (Amend. Compl. at 6-7; Court Docket No. 7.)  Plaintiff now asserts that he was subjected to

3  unequal treatment because he is Hispanic, male, and suffers from mental health issues. (Amend.

4  Compl. at 8, 9-10.)  Plaintiff also claimed that his First Amendment right to access to the Court

5  was hindered.  (Amend. Compl. at 9.)

6      The Court then screened the First Amended Complaint and determined that Plaintiff stated a

7  cognizable claim of Eighth Amendment violations against Defendant Labans and Freeman.

8  (Order of Service of January 17, 2008 at 1:21-23; Court Docket No. 8.)

9      Defendants filed a motion to dismiss for failure to exhaust administrative remedies on

10 March 21, 2008.  (Court Docket No. 10.)  Plaintiff filed his opposition to Defendants' motion to

11 dismiss on April 16, 2008.  (Court Docket No. 16.)

12     Plaintiff has failed to show that he has exhausted his administrative remedies before filing

13 this action, and therefore, this Court should dismiss Plaintiff's First Amended Complaint.

14                                      **ARGUMENT**

15 **PLAINTIFF FAILS TO PROVIDE EVIDENCE ESTABLISHING THAT HE**
   **EXHAUSTED HIS ADMINISTRATIVE REMEDIES, AND AS SUCH, THIS**
16 **COURT SHOULD DISMISS THIS ACTION.**

17     The PLRA requires that inmates exhaust their "available" administrative remedies before

18 filing civil rights actions in federal courts.  42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516,

19 524 (2002); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Moreover, the

20 Supreme Court has held that exhaustion of available administrative remedies requires that a

21 prisoner "properly exhaust," which means that "prisoners must complete the administrative

22 review process in accordance with the applicable procedural rules, . . . rules that are defined not

23 by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 127 S. Ct. 910, 922

24 (2007) (internal citations and quotations marks omitted) (quoting *Woodford v. Ngo*, 126 S. Ct.

25 2378, 2384 (2006).)  Therefore, "compliance with prison grievance procedures . . . is all that is

26 required by the PLRA to 'properly exhaust.'" *Id.*  Here, as explained in Defendants' motion to

27 dismiss, Plaintiff failed to exhaust his available administrative remedies before filing this action.

28     Plaintiff claims in his opposition that the only inmate grievance relevant to his claims is

Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. Dismiss                    *Muratella-Lua v. Labans, et al.*
                                                                           C 07-5088 WHA

2

1    grievance number PBSP-P-07-01057. (Pl.'s Opp'n to Defs.' Mot. Dismiss at 3.)  Plaintiff further

2    claims that even though this grievance was exhausted one day after he filed this action with the

3    federal court, this Court should disregard the exhaustion requirement. (*Id*. at 4.)

4         The Supreme Court and the Ninth Circuit have both held that the failure to exhaust

5    administrative grievances before filing a complaint in court requires the Court to dismiss the

6    case. *Woodford*, 126 S.Ct. at 2384; *McKinney*, 311 F.3d at 1200-01. Plaintiff's early filing of

7    this case is not a technicality that should be overlooked.  To allow a plaintiff to file before

8    completing the administrative grievance process, even by one day, would render the exhaustion

9    requirement meaningless.  If a court allows a plaintiff to file a complaint one day before

10   exhausting, it defeats the purpose of exhausting administrative remedies before filing a complaint

11   with the court.  The Court has established a bright line rule that inmates must exhaust *before*

12   filing any papers in federal court. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Vaden v.*

13   *Summerhill*, 449 F.3d 1047, 1050-51 (9th Cir. 2006); *Porter v. Nussle*, 534 U.S. 516, 524-25

14   (2002); *McKinney*, 311 F.3d at 1199-1200.  Plaintiff did not complete the administrative

15   grievance process before he filed suit.  Therefore, the Court must dismiss this complaint without

16   prejudice.

17   \\\

18   \\\

19   \\\

20   \\\

21   \\\

22   \\\

23   \\\

24   \\\

25   \\\

26   \\\

27   \\\

28

Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. Dismiss                              *Muratella-Lua v. Labans, et al.*
                                                                                 C 07-5088 WHA

1

## CONCLUSION

2      This Court should dismiss Plaintiff's First Amended Complaint under Federal Rule of Civil

3   Procedure 12(b) for Plaintiff's failure to exhaust administrative remedies as required by the

4   PLRA.

5

6      Dated:  April 25, 2008

7                                                          Respectfully submitted,

8                                                          EDMUND G. BROWN JR.
                                                           Attorney General of the State of California
9
                                                           DAVID S. CHANEY
10                                                         Chief Assistant Attorney General

11                                                         FRANCES T. GRUNDER
                                                           Senior Assistant Attorney General
12                                                         MICHAEL W. JORGENSON
                                                           Supervising Deputy Attorney General
13

14

15

16                                                         EMILY L. BRINKMAN
                                                           Deputy Attorney General
17                                                         Attorneys for Defendants Labans and
                                                           Freeman
18

19

20

21

22

23

24

25

26

27

28

Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. Dismiss                    *Muratella-Lua v. Labans, et al.*
                                                                                     C 07-5088 WHA

4

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Muratella-Lua v. Laban, et al.**

Case No.:    **C 07-5088 WHA**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On April 25, 2008, I served the attached

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Luis Muratalla-Lua
J-06678
Pelican Bay State Prison
P. O. Box 7500
Crescent City, CA 95532-7500
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **April 25, 2008**, at San Francisco, California.

_____          _____
              M. Xiang                                          Signature
             Declarant