STATE BAR NO: # 219400

EMILY L. BRINKMAN.

455. GOLDEN GATE AVE. SUITE 11000

SAN FRANCISCO, CA. 94102

EDMUND G. BROWN JR.

ATTORNEY GENERAL OF THE STATE OF CALIFORNIA

ATTORNEY FOR DEFENDANT

LABAN, et al.,

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION.

MURATALLA LUA
(PLAINTIFF)
V.
OFFICERS. FREEMEN
LABAN, et al.,
(DEFENDANT.)

CASE NO.#
C. 07. 5088 WHAP

PLAINTIFFS RESPONSE TO
MOTION TO DISMISSAL AND
POINTS OF AUTHORITIES.

IN REGARDS TO LOG NUMBER OF CDCR APPEALS P.BSP.P.07.01057 AND PBSP.P.07.01362. BOTH HAVE COMPLETED THE COMPLETE REMEDIES OF EXHAUTION AFFORDED BY THE CDCR APPEALATE SYSTEM, ON DATES OCTOBER 4. 2007 AND DECEMBER 24, 2007 RESPECTIVELY. THEREFORE SAID COMPLAINT CAN NOT MOOT, BASED ON ONE (1) DAY OF FILING PRIOR TO EXHAUSTED REMEDIES.

(1)

SEE <u>BOOTH v. CHURNER</u>, 532 U.S. 731, 741 2001; <u>VANDEN v SUMMERHILL</u>, 449 F.3d. 1047 (9TH CIR 2006). YES ADMINISTRATIVE EXHAUSTION IS REQUIRED FOR ALL ACTIONS BROUGHT WITH RESPECT TO PRISON CIRCUMSTANCES OR OCCURRENCES, WHETHER UNDER § 1983 OR ANY OTHER FEDERAL LAW. 42 U.S.C. §1997(e)(a); PORTER v. NUSSLE 534 US. 516, 524 (2002).

THIS CASE SHOULD NOT BE DISMISSED AS MOOT BECAUSE IT IS "CAPABLE OF REPETITION". BY CDCR LOG # P.BSP.P.07.01057 AND PBSP.P.07 01362 ARE IN FACT PROOF THAT BOTH APPEALS/GRIEVANCES HAVE IN FACT EXHAUSTED THE ADMINISTRATIVE REMEDIES ALLOWED BY CDCR DIRECTOR REVIEW ALLOWS.

PLRA REQUIRES ADMINISTRATIVE REMEDIES TO BE FULLY EXHAUSTED ALLOWED BY CDCR APPEAL SYSTEM. AND THE ABOVE APPEALS HAVE CLEARLY DONE SO TO THE DIRECTOR LEVEL OF REVIEW. IN REGARDS TO 42 U.S.C. §1997(e)(a). THUS APPEAL IS AVAILABLE TO PLAINTIFF UNDER SECTION 3084.1 OF THE CDCR TITLE 15. THEREFORE. PLAINTIFF SHOULD NOT BE DISMISSED ON THE F.R.C.P 12(b). DUE TO THE ADMINISTRATIVE REMEDIES HAVE BEEN FULLY EXHAUSTED REGARDLESS IF DENIED, THEY STILL WERE IN FACT FULLY EXHAUSTED.

(2)

IN ADDITION UNDER RULE 59e OF THE FEDERAL RULES OF CIVIL PROCEDURE. THEREFORE AN AMEND THE JUDGEMENT SHOULD BE ENTERED AND FIND RELEIF TO PETITIONER UNDER CRUZ V. BETO 405 U.S. 319.322 (1972) AND THE CASE SHOULD NOT BE DISMISSED FOR FAILURE TO EXHUAST THE APPEAL REMEDIES, FOR A CLAIM WAS IN FACT STATED. ALSO UNDER CONLEY V. GIBSON, 355.U.S. 41, 45-46 (1957) THE SUPREME COURT SAID THAT IN CONSIDERING A MOTION TO DISMISS, A PRO SE COMPLAINT SHOULD BE HELD TO LESS STRICT STANDARDS THAN A MOTION DRAFTED BY A LAWYER.

STATEMENT OF FACTS:

ON APRIL 23rd 2007 I LUIS MURATALLA FILED AN INMATE APPEAL 602 FORM AND/OR GRIEVANCE LOG # PBSP-P-07-01057 WHICH WAS EXHAUSTED TO ALL PROCEDURES PROCESSED BY CDCR STANDARDS. THE APPEAL WAS FINALIZED ON OCTOBER 4. 2007 -. WHICH IS THE ONLY APPEAL OF SIGNIFICANT.

ARGUEMENT:

I LUIS MURATALLA HAVE AND WILLFULLY EXHAUSTED ALL ADMINISTRATIVE REMEDIES. SEE CURRY V. SCOTT, 249 F.3d. 493, 505. (6TH CIR. 2001).

(3)

As an opposing parties my case and motions shall be taken with a benefit of a doubt based on <u>Conley v. Gibson</u> 355, U.S. 41, 45-46 (1957.) For my writ/motion should be held less strict standards than a motion drafted by a lawyer." Defendants claim, I, the petitioner did not exhaust the remedies, however under the Log #'s P.BSP.-P-07-01057 states otherwise. See "Exhibit A.".

Furthermore if plaintiff is filing a 1983.& 42 U.S.C. for monetary damages the complaint can not in fact go "moot". See: <u>Oliver v Scott</u>, 276 F.3d. 736, 741. (5th Cir 2002); <u>Scott V. District of Columbia</u>, 139 F.3d. 940, 942 (D.C. Cir 1998).

Yes. Log # P.BSP. P-07-01432 has been screened out but Rather Log # PBSP.P-07-01057 is the appeal denied in the third leve and should be the focus. Thus due to it being fully exhausted the court should find relief for petitioner and accept the response and move to summary judgement in this matter.

Muratalla Luis
Date. 7-13-2008

(4.)

Correction officer M.A. Baron hade an Assaultive behavior toward inmates which can explain its assault on inmate Muratalla Luis J-06678.

I, inmate Canada have been victimize by Correction officer Baron Brutality, which I experience serious physical injury and violence against him.

On Sunday January 6, 2008, at approximately 06:10 A.M. hours; I, inmate Canada was occupied on Facility "B" B2-129: During the course of Breakfasts and Lunch Pass out: I was standing at my cell door with the light on when officer Baron literally and intentionally threw my bag Lunch very hard into my cell and hitting me in my Genital causing serious injury and swelling to my Genital. Hard item was in that Lunch bag apple and a half pint of Milk: I suffered cruel and unusual punishment with malicious, bitterness, and Bias, Which violated CDCR Policy. My Log number to this case is PBSP-PAS-00152: I was interview by Pelican Bay State Prison Lieutenant F. Vander-hoorden with a video camera on January 25, 2008, after it was requested from the Department of Corrections who order a internal Affairs investigation, now officer Baron action are being qustion and Analyzed under A strict scrutiny.

                  Sincerely Submitted,

                  Inmate Canada.

I inmate Peter Michael Arena #J56003 PBSP was a witness to the fact that Inmate Muratalla had bleeding and injury to both ancles on his left and right feet. I was shown these injuries durring yard time at PBSP PSU B2 and asked by Inmate Muratalla on how to gain medical attention and Report these injuries. I told him to tell the medical staff to do a 7219 and Report his injuries in a 602. He said that he tried to get treatment for his injuries but was being denied treatment and a 7219 at that time. My advice to him was to keep trying.

This is my knoledge of these existing injuries and my statement concerning this matter.

Inmate, Peter M Arena.

Signature: Pete Arena

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

C-FILE

## DIRECTOR'S LEVEL APPEAL DECISION

Date: OCT 0 4 2007

In re: Muratalla-Lua, J-06678
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0701370        Local Log No.: PBSP 07-01057

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner P. Enriquez, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I  APPELLANT'S ARGUMENT:** It is the appellant's position that on April 19, 2007, Correctional Officer (CO) Labans and Freeman escorted him to the Security Housing Unit library. He contends that he was pushed against the wall by CO Labans to place him in restraints and he asked her not to push him. He claims when they got to the library she again pushed him and he again asked her why she was pushing him. He states he was kneeling to have the ankle restraints removed when the CO, without reason, told him he was going back to his cell. He claims that as he was being escorted he was pushed with force by his arm. He states the restraints on his ankles scraped his ankles and he could no walk. He informed CO Labans and she told him to shut up and learn English then the CO states "La la la la" acting unprofessionally. When the restraints were removed from his ankles he saw he was "wounded" with much blood on his socks and on his tennis shoes. He showed the wound to the officer and requested medical treatment. He claims he was denied medical care by the CO. He showed CO George and Freeman the wound and blood and informed them they were witnesses and were required to tell the truth. He feels he was a victim of discrimination because he does not speak English and he is Mexican whose rights were violated. He requests justice for the discrimination injuries caused by CO Laban and CO Freeman.

At the Director's Level of Review he states his life is in danger in that he does not know if he is infected with Human Immunodeficiency Virus or Hepatitis "C" Virus because restraints are never cleaned after they are used on inmates. He then requests to be paid for his wounds, corporal and mental and that CO Lavann (sic) be removed from the Psychiatric Segregation Unit. This was not a part of the original appeal nor was it presented to the institution for response. The new issues and requested actions are not addressed in this response as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action.

**II  SECOND LEVEL'S DECISION:** The reviewer affirms that appropriate supervisory staff have been assigned to conduct an inquiry into this matter. The assigned inquiry staff member reviewed the submitted material and interviewed the involved parties. The appellant was advised that he would only be informed of the completion of the inquiry in that all personnel issues were considered confidential and would not be released to the public, staff or inmates. The appeal was granted in part by the Second Level of Review (SLR) in that an appeal inquiry was conducted into the appellant's allegations.

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A. FINDINGS:** Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff and an inquiry has been completed at the SLR.

7-y

MURATALLA-LUA, J-06670
CASE NO. 0701370
PAGE 2

In the event that staff misconduct was substantiated, the institution would take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. However, upon completion of final review, or culmination of an inquiry, the appellant is to be notified by the respective inquiry body that an inquiry has been completed. In this case, the institution has reported the completion of the inquiry to the appellant.

**B. BASIS FOR THE DECISION:**
California Penal Code Section: 832.7, 832.8
California Code of Regulations, Title 15, Section: 3005, 3268, 3268.1, 3268.2, 3391

**C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, PBSP
      Appeals Coordinator, PBSP

