IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIZ MURATALLA-LUA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Correctional Officer LABANS and<br>Correctional Officer FREEMEN,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | No. C 07-5088 WHA (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST** |

　　　　This is a civil rights case filed pro se by a state prisoner. Plaintiff contends that defendants made him walk a mile in leg restraints to the Security Housing Unit law library, pushed his head into the wall on the way to the library, and pushed and shoved him on the way back. Defendant has filed an unenumerated motion to dismiss for failure to exhaust administrative remedies. Plaintiff has opposed the motion to dismiss and has moved for appointment of counsel. The motions for counsel will be denied and the motion to dismiss will be granted.

**DISCUSSION**

**A.　MOTIONS FOR COUNSEL**

　　　　There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. §

1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). In short, the Court has only the power to ask pro bono counsel to represent plaintiff, not the power to "appoint" counsel.

Plaintiff contends he has difficulty with the English language, but he has managed to present his position in English in the opposition to the motion to dismiss, perhaps with the assistance of other prisoners, and the issues at this stage are purely factual. The motions for counsel will be denied.

### B.  MOTION TO DISMISS

Federal law provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. *Porter v Nussle*, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id*. (citation omitted).

The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006). "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." *Id.* at 2387. Therefore, the PLRA exhaustion requirement requires proper exhaustion. *Id.* "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 2386. (footnote omitted). Compliance with prison grievance procedures is all that is required by the PLRA to "properly exhaust." *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007).

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those

individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *See id.* § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *See id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A final decision at the director's level satisfied the exhaustion requirement under § 1997e(a). *Id.* at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense. *Wyatt v Terhune*, 315 F.3d 1108, 1119 (9th Cir 2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." *Id.* (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice. *Id.* at 1120.

Defendant has established that plaintiff did not pursue an administrative appeal (grievance) involving the events giving rise to this case to the final formal level of the system before filing suit. In response, plaintiff concedes that the only administrative appeal relevant to his claims is log number PNSP-07-01057. Opp. at 3-4. He admits that the appeal was not decided until after he filed suit, but contends that his failure to exhaust before filing should be excused because the suit was filed only one day before the appeal was decided. *Id.* at 4.

Exhaustion is mandatory and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). An action must be dismissed unless the prisoner exhausted his available administrative remedies *before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the

prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

Whether a complaint is filed one day before completion of exhaustion or months before completion of exhaustion, at the time the plaintiff files he or she knows only that the complaint is being filed without waiting to exhaust. The fact that plaintiff's appeal was decided only one day after the complaint was received here was fortuitous and no basis for excusing his failure to exhaust before filing. Given this, and the authorities cited above, the motion must be granted.

## CONCLUSION

Plaintiff's motions for appointment of counsel (documents number 15 and 24 on the docket) are **DENIED**. His motion for an extension of time to oppose the motion to dismiss (document number 19) is **GRANTED**. The opposition is deemed timely.

Defendants' motion to dismiss (document 10) is **GRANTED**. The case is **DISMISSED** without prejudice. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March  6 , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\MURATALLA-LUA5088.DSM-EXH.wpd

4