IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIZ MURATALLA-LUA | No. C 07-5088 WHA (PR) |
| Plaintiff, | **ORDER DENYING RECONSIDERATION** |
| v. | |
| Correctional Officer LABANS and Correctional Officer FREEMEN, | (Docket No. 28) |
| Defendants. / | |

This is a civil rights case filed pro se by a state prisoner. Defendants' motion to dismiss the case for failure to exhaust administrative remedies was granted, and the case was dismissed without prejudice. Specifically, plaintiff had not completed his administrative remedies until after he filed this case. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (action must be dismissed unless prisoner exhausted his available administrative remedies *before* filing suit).

Plaintiff has filed a motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure in which he claims that he did not exhaust his claims before filing suit because he was relying on the assistance of "jailhouse lawyers," and he had to "adjust to their schedule." Plaintiff's contention that this entitles him to reconsideration on the grounds of "mistake" or "inadvertence" under Rule 60(b)(1) is without merit. *See Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1100 (9th Cir. 2006) (reconsideration is not allowed pursuant to Rule 60(b)(1)

based on an attorney's mistakes). Plaintiff's alternative argument that he is entitled to reconsideration under Rule 60(b)(6) also fails. The shortcomings of a "jailhouse attorney" do not constitute "extraordinary circumstances" warranting relief under Rule 60(b)(6). *See Samish Indian Tribe v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005) (Rule 60(b)(6) requires showing that "extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment"); *cf. Raspberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) (pro se status not "extraordinary circumstance" in context of equitable tolling analysis). Moreover, exhaustion is mandatory and not left to the discretion of the district court, *Woodford v. Ngo*, 548 U.S. 81, 84 (2006), and there is no authority that the PLRA's exhaustion requirement may be excused because an inmate received poor legal advice from another inmate.

Accordingly, the motion for reconsideration (docket number 28) is **DENIED**.

**IT IS SO ORDERED.**

Dated: January   22  , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\MURATALLA-LUA5088.REC.wpd

2